AERO-LITE WINDOW CO., APPELLEE, *v.* JACKSON ET AL., APPELLANTS.

(No. 5169—Decided January 17, 1962.)

*Messrs. Stewart & Simmons,* for appellee.
*Messrs. Bailey & Bailey,* for appellants.

HUNSICKER, J.  This is an appeal from an order granting a continuance of a trial that was set for hearing before a judge of the Municipal Court of Akron, Ohio.  The action there concerned a claim for the contract price of certain windows being installed by Aero-Lite Window Co. in the home of the appellants.  The action had been set for trial three times previously, and for one reason or another had been continued.  The appellants appeared in court for trial at some of the times when the case was set for trial, but continued and not heard.

Counsel for the appellants, on the day when the instant order was made, wanted to go forward with the trial, although he stated that Aero-Lite Window Co. could complete its contract at any time.  The trial court then fixed one week as the time within which Aero-Lite Window Co. was to complete the contract for installation of the windows and doors in the home of the appellants.  The action was then set over for one week.  It is from that order that an appeal is lodged in this court.

The claim of error is that the trial court abused its discretion in granting the continuance noted above.

An oral motion to dismiss the appeal was made, at the time of the hearing on the merits, by counsel for Aero-Lite Window Co., on the basis that the order from which the appeal is taken is not a final appealable order.

An order for continuance of an action may be a final appealable order if the trial court was guilty of an abuse of discretion in the premises. *Norton* v. *Norton*, 111 Ohio St., 262, at p. 266. *Leiberg, Admx.,* v. *Vitangeli,* 70 Ohio App., 479.

An abuse of discretion has been defined in a long line of cases; to wit, *Steiner* v. *Custer*, 137 Ohio St., 448; *Klever* v. *Reid Bros. Express, Inc.*, 154 Ohio St., 491; *Green* v. *Acacia Mutual Life Ins. Co.*, 156 Ohio St., 1; *Mele* v. *Mason*, 156 Ohio St., 118; *Pfeiffer* v. *Sheffield, Admr.*, 64 Ohio App., 1; and *Hiboluk* v. *Pozniakow*, 107 Ohio App., 102.

Although there has recently appeared in the opinions of some of the judges of the Supreme Court of Ohio the phrase "technical abuse of discretion" (*Heidtman* v. *City of Shaker Heights*, 163 Ohio St., 109, at p. 121; *Lehman* v. *Haynam*, 164 Ohio St., 595, at p. 603; *State (ex rel. Devine, Pros. Atty.)* v. *Harter, Judge*, 167 Ohio St., 51, at p. 54), we do not understand by these later opinions that the law has now been changed by the addition of a new rule known as the "technical abuse of discretion rule."

While we readily concede that most of the cases herein cited discuss the rule of abuse of discretion as it applies to the granting of a new trial, nevertheless the term implies an unreasonable, arbitrary or unconscionable attitude on the part of a court in making the order from which an appeal is taken.

We have read the bill of exceptions in this case, and do not find the trial court to be guilty of an abuse of discretion in the instant case. The order appealed from thus does not constitute a final order.

The oral motion to dismiss the appeal for lack of jurisdiction to entertain such appeal is granted.

*Appeal dismissed.*

STEVENS, P. J., and DOYLE, J., concur.