MILO, EXRX., APPELLANT, *v.* MILO, APPELLEE, ET AL.

[Cite as Milo *v.* Milo (1984), 9 Ohio St. 3d 115.]

(No. 82-1718—Decided February 1, 1984.)

*Buckingham, Doolittle & Burroughs Co., L.P.A., Mr. Orville L. Reed III, Ms. Karen M. Doty, Messrs. Goldman, Tsarnas & Vuillemin* and *Mr. Lawrence W. Vuillemin,* for appellant.

*Nukes & Perantinides Co., L.P.A., Mr. Paul G. Perantinides* and *Ms. Elizabeth B. Manning,* for appellee.

*Per Curiam.* The question presented by this appeal is whether an order staying proceedings in a civil action pending completion of the appellate process in a related criminal case is a final, appealable order within the meaning of R.C. 2505.02. We hold that it is not.

R.C. 2505.02 defines a "final, appealable order" as follows:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment * * *."

The instant stay neither affects a substantial right, determines the action, nor prevents a judgment. Likewise, in *Bd. of Edn.* v. *Paxton* (1979), 59 Ohio St. 2d 65 [13 O.O.3d 58], we held that a stay was not a final, appealable order.

During oral argument, this court was informed that appellee's petition for certiorari to the Supreme Court of the United States had been denied on May 31, 1983. The petition sought reversal of this court's denial of appellee's motion for leave to appeal his criminal conviction. It was also revealed that appellee had filed a petition for habeas corpus collaterally attacking the murder conviction.

It is clear that "the appellate process is complete as to the case of *State* v. *Milo.*" The stay order granted on August 11, 1982 does not and should not extend to any further proceedings. Appellee's pursuit of post-conviction relief under R.C. 2953.21 *et seq.* or further proceedings in habeas corpus are not covered by the stay.

Accordingly, the judgment of the court of appeals dismissing appellant's appeal is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.