THE STATE OF OHIO, APPELLANT, *v.* YEE, APPELLEE.

(No. E-89-33—Decided December 15, 1989.)

*Kevin J. Baxter,* prosecuting attorney, and *Ronald R. Smith,* for appellant.

*K. Ronald Bailey,* for appellee.

HANDWORK, P.J. This matter is before the court *sua sponte.*

Appellee, Steven W. Yee, was indicted by a special federal grand jury sitting in Cleveland on several counts for the commission of federal crimes on March 3, 1989, and was subsequently arrested by the FBI. Thereafter, appellee was charged with six counts of aggravated murder, murder, kidnapping, and aggravated robbery in Erie County. The Erie County Court of Common Pleas set trial for August 9, 1989, denying the prosecution's motion for a continuance, stating that an order from this appellate court was necessary to establish that appellee was unavailable for trial due to the pending federal case.

On August 7, 1989, appellant, state of Ohio, sought leave of this court to file a notice of appeal from the denial of the continuance.[1]

We granted appellant's motion due to the fact that the trial court expressly intended to proceed with appellee's trial on August 9, 1989, even though it did not have jurisdiction to do so under *Ponzi* v. *Fessenden* (1922), 258 U.S. 254.[2]

---

[1] Appellant also filed a complaint for a writ of mandamus or a writ of prohibition to prevent the trial court from proceeding with the trial. The complaint for a writ of mandamus was dismissed for failure to conform the complaint to the mandates of R.C. 2731.04. Although the complaint for a writ of prohibition was the proper vehicle to protect the state's interest, we were compelled to dismiss it because appellant failed to give notice to the trial court of the petition.

[2] The Supreme Court held in *Ponzi* v. *Fessenden, supra,* that the first court to assume jurisdiction over a person or thing may exhaust its remedy without interference by another jurisdiction. Therefore, the federal court in this case has exclusive jurisdiction to prosecute appellee and the state court must wait to prosecute appellee after the federal sentence is served unless the federal government consents to concurrent jurisdiction.

Upon a review of Ohio law, however, we find that the granting or denial of a motion for continuance or stay of proceeding is not a final, appealable order. See *General Elec. Supply Co.* v. *Warden Elec., Inc.* (1988), 38 Ohio St. 3d 378, 528 N.E. 2d 195, syllabus; *Milo* v. *Milo* (1984), 9 Ohio St. 3d 115, 9 OBR 341, 459 N.E. 2d 519; *In re Application for Constr. of New Union Depot* (1953), 160 Ohio St. 173, 51 O.O. 413, 115 N.E. 2d 4; *Pewter Mug, Inc.* v. *M.U.G. Ent., Inc.* (1975), 46 Ohio App. 2d 93, 75 O.O. 2d 78, 345 N.E. 2d 426; and *Points* v. *Saker* (Mar. 29, 1988), Franklin App. No. 86AP-1085, unreported.

The aforementioned cases generally hold that such an order is not final and appealable because the requirements of R.C. 2505.02 have not been satisfied. In the *Pewter Mug* case, the court held that an order refusing to stay proceedings pending arbitration did not determine the action or prevent a judgment. The court found that there was a great likelihood that a later appeal on the merits would occur and that the issues could be resolved by one appeal at the end of the case. *Pewter Mug, supra,* at 95, 75 O.O. 2d at 79, 345 N.E. 2d at 428. The court relied on an earlier arbitration case, *Addyston Village School Dist. Bd. of Edn.* v. *Nolte-Tillar Bros. Constr. Co.* (1946), 79 Ohio App. 193, 198, 34 O.O. 530, 532-533, 71 N.E. 311, 313, wherein the issue had been reviewed under G.C. Section 12223-2, the predecessor to R.C. 2505.02, in light of the holdings of the Supreme Court of the United States in a similar case and under a similar United States statute.

The *General Electric* case also involved the issue of a stay of proceedings pending arbitration. The Supreme Court of Ohio followed the reasoning in *Pewter Mug* and found that an appeal after the final judgment was rendered was more practical and would not prejudice the complaining party. *General Electric, supra,* at 381, 528 N.E. 2d at 198. If the entire case is ordered to be submitted to arbitration, however, the award of granting a stay of proceedings is a final, appealable order. *Systems Constr., Inc.* v. *Worthington Forest Ltd.* (1975), 46 Ohio App. 2d 95, 75 O.O. 2d 79, 345 N.E. 2d 428. Cf. *Bellaire City Schools Bd. of Edn.* v. *Paxton* (1979), 59 Ohio St. 2d 65, 13 O.O. 3d 58, 391 N.E. 2d 1021, syllabus.

In the *Milo* case, the Supreme Court of Ohio held that an order staying a civil case while a related criminal case was being reviewed by an appellate court was not a final, appealable order. Again, the court found that the order did not affect a substantial right, determine the action, or prevent a judgment. *Milo, supra,* at 116, 9 OBR at 342, 459 N.E. 2d at 521.

The *New Union Depot* case involved an appeal from the Public Utilities Commission's refusal to continue a hearing before it regarding the construction of a new union depot. With no analysis whatsoever, the court held that the appeal was taken from an order which was not final and appealable. *New Union Depot, supra.*

Finally, in the *Points* case, the court avoided the issue of whether a denial of a motion for a continuance was proper by finding it moot because the entire case had been dismissed with prejudice. However, the court noted in passing that generally such orders are not final and appealable, citing no authority. *Points, supra.*

There is, however, a line of cases which hold that the granting or denial of the motion for a continuance is a final, appealable order if an abuse of discretion is shown. See *Aero-Lite Window Co.* v. *Jackson* (1962), 115 Ohio App. 257, 20 O.O. 2d 327, 184 N.E. 2d 677; *Leiberg* v. *Vitangeli* (1942), 70 Ohio App. 479, 25 O.O. 211, 47 N.E. 2d 235.

Both of the aforementioned cases rely on *Norton* v. *Norton* (1924), 111

Ohio St. 262, 145 N.E. 253, paragraph two of the syllabus. The *Norton* case involved the review of the denial of a motion for a continuance in a divorce alimony action. When the wife sought temporary alimony after the husband filed for divorce, the husband moved for a continuance. The motion was denied and the court proceeded with the hearing and granted the wife temporary alimony. The order was modified a short time later to increase the amount of the award. The husband sought an immediate appeal. When the Supreme Court reviewed the case, it found that the granting or denial of a motion for a continuance is a matter within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. *Id.* at 266, 145 N.E. at 255. The court found no abuse of discretion because the wife would have been without financial support during the time the hearing was suspended. *Id.* at 266-267, 145 N.E. at 255. Both the *Aero-Lite* and *Leiberg* cases hold, therefore, that the granting or denial of a motion for a continuance is a final, appealable order if an abuse of discretion is shown.

We are unable to distinguish the *Norton* line of cases from those which held that the granting or denial of a motion for a continuance is not a final, appealable order. Although we would agree that the granting or denying of a motion for a continuance is a discretionary matter subject to review by an appellate court, we do not understand the court's reasoning for reviewing the decision prior to final judgment in the case.

When we view the case *sub judice* in light of the requirements of R.C. 2505.02, the order in this case cannot be found to be final and appealable. Even if the Erie County trial court proceeded in this case, any judgment rendered would be void. Appellant could attack the judgment at that time, and appellee could be retried. Appellee will not be able to claim double jeopardy because he was never placed in jeopardy since the court had no jurisdiction to convict him. *Crowley* v. *State* (1916), 94 Ohio St. 88, 113 N.E. 658, paragraph one of the syllabus; *State* v. *Procter* (1977), 51 Ohio App. 2d 151, 153, 5 O.O. 3d 309, 311, 367 N.E. 2d 908, 910. Appellee could not claim that he was not brought to trial within the statutory time limit set by R.C. 2945.71 because R.C. 2945.72(A) tolls the time if the defendant is unavailable for trial because of other criminal proceedings and the prosecution has exercised due diligence to secure the defendant's availability. Finally, no statute of limitations problem exists because appellee was indicted within the time limit set by R.C. 2901.13. Therefore, we would conclude that the order appealed from in this case did not affect a substantial right of the state of Ohio and did not determine the action or prevent a judgment. Accordingly, we find that the order appealed from is not final and appealable. Therefore, pursuant to Section 3(B)(2), Article IV, Ohio Constitution, we do not have jurisdiction to decide this appeal. Wherefore, this case is hereby ordered dismissed. Pursuant to App. R. 24, appellant is ordered to pay the court costs incurred in connection with this case.

*Appeal dismissed.*

CONNORS and ABOOD, JJ., concur.