The STATE of Ohio, Appellee,

v.

WORSENCROFT, Appellant.

[Cite as *State v. Worsencroft* (1995), 100 Ohio App.3d 255.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APA02–262.

Decided Jan. 10, 1995.

*Betty D. Montgomery,* Attorney General, *John D. Stuber, John T. Walker* and *Barbara J. Petrella,* Assistant Attorneys General, for appellee.

*Reinhart Law Office* and *Harry R. Reinhart; Harrington, Huxley, Smith, Mitchell & Reed* and *Alan D. Wenger,* for appellant.

TYACK, Judge.

Defendant-appellant, Arthur Dean Worsencroft, appeals from a jury verdict and judgment of the Franklin County Court of Common Pleas finding him guilty of six counts of Medicaid fraud in violation of R.C. 2913.40(B). Defendant asserts the following five assignments of error:

"I. The trial court erred to the prejudice of the appellant by overruling the appellant's motions for judgment of acquittal made pursuant to Rule 29(A) & (C), Ohio Rules of Criminal Procedure.

"II. The trial court erred to the prejudice of the appellant by improperly limiting the cross-examination of Brian Joyce, the chief prosecuting witness

against the appellant[,] and subsequently denying the appellant's motion for a new trial based upon this error.

"III. The trial court erred to the prejudice of the appellant by overruling the pretrial motion to dismiss the indictment and subsequently admitting State's Exhibits A1–A11 and A20.

"IV. The trial court erred to the prejudice of the appellant when it admitted State's Exhibits D1–D19, D20–D22, E1–E22 and O–1 into evidence at trial over the defense objection that a foundation for admissibility had not been established.

"V. The jury verdict was against the manifest weight of the evidence and based upon evidence insufficient as a matter of law."

Defendant, a pharmacist who owned two pharmacies, was alleged to be involved in a "generic substitution" scheme, whereby the Ohio Department of Human Services was billed for name-brand drugs while less expensive generic drugs were actually dispensed. As a result, he was indicted on six counts of Medicaid fraud in violation of R.C. 2913.40(B), which provides:

"No person shall knowingly make or cause to be made a false or misleading statement or representation for use in obtaining reimbursement from the medical assistance program."

In the same indictment, two additional counts charged Oak Hill Professional Pharmacy and Bel Park Professional Pharmacy, sole proprietorships owned by defendant, with violations of R.C. 2913.40(B), arising from conduct identical to that with which defendant was charged individually. The counts against the pharmacies were brought pursuant to R.C. 2901.23(A)(4), which authorizes the imposition of criminal liability against an "organization" where the commission of an offense is "authorized, requested, commanded, tolerated, or performed by the board of directors, trustees, partners, or by a high managerial officer, agent, or employee acting in behalf of the organization and within the scope of his office or employment." R.C. 2901.23(D) defines "organization" as "a corporation for profit or not for profit, partnership, limited partnership, joint venture, unincorporated association, estate, trust, *or other commercial or legal entity*." (Emphasis added.)

At the close of the state's case, the trial court granted the motions for judgments of acquittal made on behalf of the two pharmacies pursuant to Crim.R. 29(A). However, the trial court overruled defendant's motions for judgment of acquittal pursuant to Crim.R. 29(A) and (C).

In its decision overruling defendant's motion to set aside the jury verdict and to enter a judgment of acquittal, the trial court explained its rationale as follows:

"The basis for the motion is that Worsencroft and the companies he owns were all indicted for the same specific acts. During trial, the Court entered judgments of acquittal for the 'companies' on the basis they were one and the same as Dean Worsencroft (not organizations under the relevant statute). * * *

"The double jeopardy prohibitions protect against multiple trials and/or multiple punishments for the same offense. Obviously, no risk of multiple trials ever existed because all counts of the indictment were tried at the same time.

" * * *

" * * * The double jeopardy clauses do not protect against the mere risk of multiple punishments. Rather, it protects against the actual imposition of punishments that exceed what is authorized by the legislature for a single act."

█ In his first assignment of error, defendant argues that the trial court erred in overruling his Crim.R. 29 motion because double jeopardy principles barred his trial and conviction as an individual once his businesses were acquitted of the same offenses. Defendant reasons, and the trial court clearly agreed, that the sole proprietorships, as opposed to corporations and other business entities, had no legal existence apart from defendant himself; therefore, an acquittal of the sole proprietorships effectively functioned as an acquittal of defendant individually.

█ The state apparently does not take issue with the trial court's determination that a sole proprietorship does not qualify as an "organization" for purposes of organizational criminal liability within the scope of R.C. 2901.23. As a threshold matter, we agree with the trial court's resolution of this issue. While on its face the statute is arguably drafted broadly enough to encompass a sole proprietorship under the "other commercial or legal entity" language, we do not believe that the statute is aimed at imposing an additional form of criminal liability upon the individual business owner. The paucity of case law regarding prosecutions brought against sole proprietorships under R.C. 2901.23 further suggests the problematic nature of indicting them separately, as opposed to indicting the business owner "doing business as" a sole proprietor.

█ Given the state's apparent acquiescence in the trial court's resolution of the organizational liability issue, the state apparently, and logically, does not seriously dispute the fact that the indictment here suffered from multiplicity. Multiplicity occurs when one offense is stated in several counts of an indictment. If multiplicity exists and the counts are tried *separately,* double jeopardy bars a subsequent prosecution. *State v. Stratton* (1982), 5 Ohio App.3d 228, 230, 5 OBR 513, 515, 451 N.E.2d 520, 523.

Our research indicates that this case is one of first impression. Many cases exist regarding multiple punishments and/or multiple related (not identical) offenses within the double jeopardy context. However, those cases are of little benefit here, as they are all distinguishable from the unique situation before us. Specifically, we must decide whether defendant was subjected to a successive trial following the Crim.R. 29 acquittal of his sole proprietorships charged with identical offenses under a multiplicitous indictment. We suspect that the unique nature of this case and resulting dearth of case law stem from the fact that the usual practice would be for the prosecution to request, or for the trial court *sua sponte* to enter, a dismissal or *nolle prosequi* as to the multiplicitous counts.

The Double Jeopardy Clause of the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." United States Constitution, Amendment V. Section 10, Article I of the Ohio Constitution contains a similar provision that "[n]o person shall be twice put in jeopardy for the same offense."

■ The Fifth Amendment prohibition against double jeopardy guarantees three separate constitutional protections: (1) protection against a second prosecution for the same offense after acquittal, (2) protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense. *North Carolina v. Pearce* (1969), 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664; *United States v. Dixon* (1993), 509 U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556; *State v. Crago* (1994), 93 Ohio App.3d 621, 629, 639 N.E.2d 801, 806.

The state argues, and the trial court so held, that double jeopardy is not implicated here because appellant was never subjected to multiple punishments for the same offense "within the confines of a single trial." The state's posture, and the trial court's analysis, is premised upon a conclusion we do not accept. The trial court focused on the "multiple punishment" facet of double jeopardy analysis, summarily and erroneously determining that a single prosecution was involved here.

■ As indicated above, double jeopardy protection applies both to successive punishments and to successive prosecutions for the same criminal offense. In the context of both multiple punishment and multiple prosecution, the United States Supreme Court has held that where the two offenses for which a defendant is punished or prosecuted cannot survive the "same-elements" test, the double jeopardy bar applies. The "same-elements" test asks whether each offense contains an element not contained in the other; if not, they are the "same offense" for purposes of the Double Jeopardy Clause and subsequent punishment or prosecution is barred. *Heath v. Alabama* (1985), 474 U.S. 82, 106 S.Ct. 433, 88

L.Ed.2d 387; *Brown v. Ohio* (1977), 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187; *Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. As indicated above, there is no genuine dispute here that the offenses charged under each count of the indictment were identical in substance.

The United States Supreme Court has long recognized that the Double Jeopardy Clause protects an individual against more than being subjected to double punishments. *Abney v. United States* (1977), 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651. In *Abney,* the court explained that the protection is a guarantee against being twice put to trial for the same offense:

" ' "The Constitution of the United States, in the Fifth Amendment, declares, 'nor shall any person be subject [for the same offense] to be twice put in jeopardy of life or limb.' The prohibition is not against being twice punished, but against being twice *put* in jeopardy * * *." * * * The "twice put in jeopardy" language of the Constitution thus relates to a potential, *i.e.,* the risk that an accused for a second time will be convicted of the "same offense" for which he was initially tried.' *Price v. Georgia,* 398 U.S. 323 [90 S.Ct. 1757, 26 L.Ed.2d 300] * * * (1970)." *Id.,* 431 U.S. at 661, 97 S.Ct. at 2041, 52 L.Ed.2d at 661.

The United States Supreme Court has explained the purpose underlying the prohibition against double jeopardy as follows:

" 'The underlying idea, one that is deeply ingrained in at least the Anglo–American system of jurisprudence, is that *the State with all its resources and power should not be allowed to make repeated attempts to convict an individual* for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.' " (Emphasis added.) *United States v. Scott* (1978), 437 U.S. 82, 87, 98 S.Ct. 2187, 2192, 57 L.Ed.2d 65, 71, citing *Green v. United States* (1957), 355 U.S. 184, 187–188, 78 S.Ct. 221, 223, 2 L.Ed.2d 199, 204.

An acquittal is an event which terminates the original jeopardy. *Richardson v. United States* (1984), 468 U.S. 317, 325, 104 S.Ct. 3081, 3086, 82 L.Ed.2d 242, 250. In *Scott, supra,* the court emphasized the distinction between termination of a prosecution via a mistrial and termination resulting from an acquittal.

"[T]he law attaches particular significance to an acquittal. To permit a second trial after an acquittal, *however mistaken the acquittal may have been,* would present an unacceptably high risk that the Government, with its vastly superior resources, might wear down the defendant so that 'even though innocent, he may be found guilty.' " (Emphasis added.) *Id.,* 437 U.S. at 91, 98 S.Ct. at 2194, 57 L.Ed.2d at 74, quoting *Green, supra,* 355 U.S. at 188, 78 S.Ct. at 224, 2 L.Ed.2d at 204.

In *State v. Malinovsky* (1991), 60 Ohio St.3d 20, 23, 573 N.E.2d 22, 23, the Supreme Court of Ohio, citing *Scott, supra,* 437 U.S. at 96–97, 98 S.Ct. at 2197, 57 L.Ed.2d at 77–78, stated that "double jeopardy protection is not absolute until there is a dismissal or acquittal based upon a factual finding of innocence."

Crim.R. 29(A) provides, in pertinent part:

"The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment * * * if the evidence is insufficient to sustain a conviction of such offense or offenses."

By its terms, Crim.R. 29(A) is an acquittal based upon a finding that the evidence is insufficient to sustain a conviction.

The defendant, being legally indistinguishable from his business entities, was acquitted and subsequently subjected to a successive prosecution for the same offense.

We find the circumstances of this case analogous to prosecuting one individual twice for the same offense under both his own name and an alias. In light of the foregoing, we hold that under the unique circumstances presented here, the trial court's denial of defendant's Crim.R. 29 motion resulted in a double jeopardy violation.

Finally, the state argues that defendant waived his right to raise the double jeopardy issue by failing to assert the issue timely by way of a pretrial motion challenging the indictment as defectively multiplicitous.

We do not find that defendant waived the double jeopardy issue. The indictment was not facially defective. The counts against the pharmacies set forth a facially valid theory of organizational criminal liability within the arguably broad scope of the statute. It was not until the close of the state's case that the trial court expressly determined that the sole proprietorships were not "organizations" for purposes of R.C. 2901.23.

The first assignment of error is sustained. The judgment of the trial court is reversed. This cause is remanded to the trial court with instructions to enter a judgment of acquittal in favor of defendant.

Our resolution of the first assignment of error renders the second, third, fourth and fifth assignments of error moot. See App.R. 12.

*Judgment reversed*
*and cause remanded*
*with instructions.*

CACIOPPO, J., concurs.

PEGGY BRYANT, J., dissents.

MARY CACIOPPO, J., retired, of the Ninth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.

PEGGY BRYANT, Judge, dissenting.

Being unable to concur in the majority opinion, I respectfully dissent.

The state does not seriously dispute that the offenses charged under counts seven and eight of the indictment against Oak Hill Professional Pharmacy and Bel Park Professional Pharmacy are identical in substance to those charged in the first six counts of the indictment against defendant individually. See *Brown v. Ohio* (1977), 432 U.S. 161, 166, 97 S.Ct. 2221, 2225–2226, 53 L.Ed.2d 187, 194; *Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. Nor does the state argue that because the "acquittal" of Oak Hill and Bel Park was not based on a "factual finding of innocence," it does not rise to the level of an actual acquittal for double jeopardy purposes. See *State v. Malinovsky* (1991), 60 Ohio St.3d 20, 23, 573 N.E.2d 22, 23. Finally, I am willing to assume, without so deciding, that defendant is correct in arguing that for purposes of a double jeopardy analysis, the present case involves two prosecutions: the first ending with the acquittal of the pharmacies, and the second commencing with the denial of defendant's subsequent motion for acquittal. Nonetheless, defendant's double jeopardy argument fails because it is based on the erroneous assumption that counts seven and eight of the indictment, naming Oak Hill and Bel Park as defendants, were effective to charge defendant individually.

A sole proprietorship is neither an actual nor a legal entity, and any judgment rendered against such a nonentity is *void*. *Patterson v. V & M Auto Body* (1992), 63 Ohio St.3d 573, 589 N.E.2d 1306. Because counts seven and eight of the indictment were brought against sole proprietorships, any judgment resulting therefrom, whether a conviction or an acquittal, would be void. A void judgment does not bar a subsequent prosecution under the Double Jeopardy Clause, since a proceeding which must result in a void judgment never places the defendant in jeopardy. *United States v. Ball* (1896), 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300; *State v. Yee* (1989), 55 Ohio App.3d 88, 90, 563 N.E.2d 54, 57. Defendant thus was never placed in jeopardy by the charges brought against his sole proprietorships, as he was never at risk to suffer an enforceable conviction or penalty as a result of those charges, and his prosecution on the same charges for which his sole proprietorships were previously acquitted did not violate the Double Jeopardy Clause.

The majority apparently suggests that defendant was at jeopardy under the counts charged against his pharmacies, at least until the trial court ruled that the pharmacies were not "organizations" under R.C. 2901.23(D). The majority,

however, concludes that the sole proprietorships, as a matter of law, are not subject to liability as an organization. Thus, regardless of the state's indictment, or the trial court's ruling on the issue, a sole proprietorship is not and never was an "organization" subject to liability. As a result, any judgment on counts seven and eight against the sole proprietorships would be void under *Patterson,* would never place defendant in jeopardy, and thus would not bar prosecution of defendant individually under double jeopardy principles.

Accordingly, I would overrule defendant's double jeopardy arguments.