OPINION
Following a hearing in the Perry County Juvenile Court on January 26, 1999, appellant E. Stanley Hoff's children, Yvette and Sherri, were removed from appellant's custody. The children were found to be abused and dependent at that hearing. On February 26, 1999, appellant was tried in the Perry County Court on a charge of domestic violence against his children. Shortly before trial, appellant had filed a motion to dismiss the charge on the basis of double jeopardy, arguing that the prior adjudication of abuse in the Perry County Juvenile Court prohibited subsequent prosecution for domestic violence. Appellant argued that the charges arose out of the same set of circumstances giving rise to the abuse complaint in the Juvenile Court. The court overruled the motion to dismiss. Appellant was convicted following jury trial, and sentenced to 30 days incarceration. Appellant assigns a single error on appeal:
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO DISMISS ON THE BASIS OF DOUBLE JEOPARDY.
The Fifth Amendment Prohibition against double jeopardy guarantees three separate constitutional protections: (1) protection against a second prosecution for the same offense after acquittal, (2) protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense. State v. Worsencorft (1995), 100 Ohio App.3d 255,260, citing North Carolina v. Pearce (1969), 395 U.S. 711,717.
In the instant case, appellant was not prosecuted for an offense in the Juvenile Court proceeding. The Juvenile proceeding was a determination of the status of the children, and the State was not required to prove that appellant violated any criminal statute in order to remove the children from the home. The proceeding was not filed against appellant. Appellant was not in jeopardy of loss of liberty or other criminal sanctions. While appellant was faced with loss of custody of the children, the custody award to DHS was not in the nature of a criminal penalty against appellant for his actions, but rather was based on the status of the children and the parents' ability to care for the children properly. Appellant's reliance on Breed v. Jones (1975), 421 U.S. 519, is misplaced. Appellant argues that Breed stands for the proposition that an adjudication in juvenile court bars further criminal proceedings. However, Breed involves a determination as to whether the juvenile violated a criminal statute, and the consequence from such finding included deprivation of liberty. In the instant case, appellant was not on trial in the Juvenile Court, and there was no necessity of a finding that appellant violated any criminal statute.
The assignment of error is overruled. The judgment of the Perry County Court is affirmed.
By Gwin, J., Wise, P.J., and Edwards, J., concur