The STATE of Ohio, Appellee,

v.

McNICHOLS, Appellant.

[Cite as *State v. McNichols* (2000), 139 Ohio App.3d 252.]

Court of Appeals of Ohio,
Twelfth District, Clinton County.

No. CA2000–01–003.

Decided Nov. 20, 2000.

*William E. Peelle*, Clinton County Prosecuting Attorney, and *Deborah S. Quigley*, Assistant Prosecuting Attorney, for appellee.

*Richard L. Goettke*, for appellant.

WALSH, Judge.

Defendant-appellant, Richard McNichols II, appeals his conviction in the Clinton County Court of Common Pleas for unauthorized use of property. For the reasons that follow, we reverse appellant's conviction.

From March 1 to March 30, 1999, appellant regularly watched David Gustin's son in the Gustin home. In violation of David Gustin's rules, appellant made long-distance phone calls, including calls to 1–900 numbers, while baby-sitting. As a result, appellant was indicted on August 5, 1999, on one count of unauthorized use of property in violation of R.C. 2913.04(B), a fifth degree felony. The indictment stated that "on or about the period of March 1, 1999 through March 30, 1999 * * * [appellant] did knowingly gain access to or cause access to be gained to a telecommunication device, telecommunication service, or information service, without the consent of, or beyond the scope of express or implied consent of David Gustin * * *."

The statutory version of R.C. 2913.04(B) in effect until March 30, 1999, stated that "[n]o person shall knowingly gain access to * * * any computer, computer system, or computer network without the consent of, or beyond the scope of the express or implied consent of, the owner of the computer * * *." That provision solely forbade the unauthorized use of computers.

R.C. 2913.04(B) was subsequently amended on March 30, 1999, and now provides that "[n]o person shall knowingly gain access to * * * any computer, * * * telecommunications device [or] service, or information service without the consent of, or beyond the scope of the express or implied consent of, the owner of the computer, * * * telecommunications device [or] service, or information service * * *."

The case was tried to a jury on October 12 and 13, 1999. At trial, during the direct examination of the state's first witness, appellant moved to exclude the witness's testimony on the basis of relevancy because the conduct appellant was charged with was not statutorily proscribed until March 31, 1999. The trial court eventually allowed the state to amend the original indictment under Crim.R. 7(D)

to reflect a violation of R.C. 2913.04(A). That provision was not amended in March 1999 and provides that "[n]o person shall knowingly use or operate the property of another without the consent of the owner or person authorized to give consent."

On October 13, 1999, a jury found appellant guilty of unauthorized use of property in violation of R.C. 2913.04(A) as charged in the amended indictment. Appellant was subsequently sentenced accordingly. This appeal follows in which appellant raises eight assignments of error. Because appellant's first assignment of error is dispositive of this appeal, we will not discuss appellant's second through eighth assignments of error.

In his first assignment of error, appellant argues that the trial court erred by allowing the state to amend the original indictment. Appellant contends that the amended indictment changed the identity of the offense charged in violation of Crim.R. 7(D).

It is well settled in Ohio that a conviction based upon an indictment or a complaint that does not charge an offense is voidable upon appeal. *State v. Cimpritz* (1953), 158 Ohio St. 490, 49 O.O. 418, 110 N.E.2d 416, paragraph six of the syllabus, as modified by *Midling v. Perrini* (1968), 14 Ohio St.2d 106, 43 O.O.2d 171, 236 N.E.2d 557; *State v. Coldwell* (1982), 3 Ohio App.3d 283, 3 OBR 328, 445 N.E.2d 257. The Ohio Constitution guarantees to every criminal defendant the right to know the "nature and cause of the accusations against him." Section 10, Article I, Ohio Constitution. Accordingly, a criminal defendant has a constitutional right to be notified as to the offense and its elements for which he is charged through the charging instrument. *State v. Culp* (1971), 32 Ohio App.2d 39, 42, 61 O.O.2d 42, 43–44, 288 N.E.2d 308, 312.

Crim.R. 7(B) provides that the indictment must "contain a statement that the defendant has *committed a public offense* specified in the indictment. * * * The statement may be in the words of the applicable section of the statute, *provided the words of that statute charge an offense,* or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged. * * * Each count of the indictment or information *shall state the numerical designation of the statute* that the defendant is alleged to have violated." (Emphasis added.)

The original indictment charged appellant with unauthorized use of property for the period of March 1 through March 30, 1999, in violation of R.C. 2913.04(B). The language of the original indictment exactly mirrored the language of amended R.C. 2913.04(B). However, while R.C. 2913.04(B) was amended on March 30, 1999, it did not take effect until March 31, 1999. Pursuant to R.C. 1.15, "[w]hen an act is to take effect or become operative from and after a

day named, no part of that day shall be included." It follows then that amended R.C. 2913.04(B) did not exist for the period of appellant's alleged offense, and that appellant was charged under the original indictment with violating a nonexistent statute.

As the Supreme Court held in *Cimpritz*, "all crimes are statutory. The elements necessary to constitute the crime must be gathered wholly from the statute and the crime must be described within the terms of the statute. Moreover, no act is a crime except an act done in violation of the express provisions of a statute or ordinance legally enacted." (Citations omitted.) *Cimpritz*, 158 Ohio St. at 492, 49 O.O. at 419, 110 N.E.2d at 417–418. "A void indictment [is] one which describe[s] no offense that exist[s] under the statutes of the state." *Henderson v. Cardwell* (C.A.6, 1970), 426 F.2d 150, 152.

The state argues that the original indictment was properly amended under Crim.R. 7(D) because the amendment did not change the name of the crime or the substance of the crime. The state also contends that appellant was not prejudiced by the amendment because he was offered a continuance to review the matter under the amended indictment, and because he never requested that the original indictment be dismissed due to the defect.

The law is clear in Ohio that "if a vital and material element identifying or characterizing an offense is omitted from an indictment, the indictment is insufficient to charge an offense and cannot be remedied by the court." *Cimpritz*, 158 Ohio St. at 493, 49 O.O. at 420, 110 N.E.2d at 418. "It follows that the court may not supply words essential to the description of an offense, without which no violation is charged." *State v. Parker* (1948), 150 Ohio St. 22, 26, 37 O.O. 318, 320, 80 N.E.2d 490, 492.

Because the original indictment charged appellant with violating a nonexistent statute, it was void from its inception and could not be amended. *Cimpritz* at paragraph six of the syllabus; *Parker* at 26, 37 O.O. at 320, 80 N.E.2d at 492. We reject the state's suggestion that a void indictment can simply be amended as long as the amended indictment charges a defendant with a crime bearing the same name but under a different provision of the applicable statute. It is the responsibility of the state to file an indictment that complies with Crim.R. 7(B).

We therefore find that the trial court erred by allowing the state to amend the original indictment. In light of our foregoing analysis, we find that appellant's conviction for violating R.C. 2913.04 is void and must be vacated. See *Hamilton v. Kuehne* (May 10, 1999), Butler App. No. CA98–05–111, unreported, 1999 WL 298077. This is not to state that appellant cannot be reindicted for his alleged offense under R.C. 2913.04(A), since that provision was in effect for the time period of appellant's alleged offense. A void judgment does not bar a subsequent

prosecution under the Double Jeopardy Clause because a proceeding which must result in a void judgment never places the defendant in jeopardy. *United States v. Ball* (1896), 163 U.S. 662, 672, 16 S.Ct. 1192, 1195, 41 L.Ed. 300, 303–304; *State v. Yee* (1989), 55 Ohio App.3d 88, 90, 563 N.E.2d 54, 56–57.

Appellant's first assignment of error is accordingly well taken and sustained. As we have reversed appellant's conviction based upon his first assignment of error, his second through eighth assignments of error are overruled as moot.

*Judgment reversed.*

WILLIAM W. YOUNG, P.J., and VALEN, J., concur.