OPINION
{¶ 1} On December 11, 1997, Josephine Shively passed away. An estate was opened in the Probate Court of Delaware County, Case No. 97-0551. Pursuant to Ms. Shively's will, appellee, Dean Stewart, was named executor. Ms. Shively was the aunt of appellant, Julie Peterman, and Ms. Peterman is a beneficiary under the will.
 {¶ 2} On July 1, 2002, appellee filed a complaint in the Court of Common Pleas of Green County (Case No. 2002CV0527) against appellant seeking injunctive relief and damages for a letter appellant sent to appellee's employer containing false allegations. Appellant filed a counterclaim for defamation, abuse of process, intentional infliction of emotional distress and vexatious litigator.
 {¶ 3} On August 15, and September 6, 2002, appellant filed the underlying complaint and amended complaint against appellee and the Estate of Josephine Shively claiming invasion of privacy and intentional infliction of emotional distress.
 {¶ 4} On September 18, 2002, appellee filed a motion for judgment on the pleadings. On September 25, 2002, appellant filed a motion to grant injunction or reinstate the injunction hearing. By judgment entry filed October 21, 2002, the trial court stayed the proceedings pending final disposition of the probate proceeding and the Green County case.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 6} "The trial court erred when it filed, on October 21, 2002, the judgment entry staying the case, and therefore by staying the case before the trial court and not ruling on the motions that were presented to the court."
 I {¶ 7} R.C. 2505.02 governs "final order." Subsection (B) states the following:
 {¶ 8} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 9} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 10} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 11} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 12} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 13} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 14} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 15} "(5) An order that determines that an action may or may not be maintained as a class action."
 {¶ 16} The trial court's October 21, 2002 judgment entry does not fall under any of these categories. It merely stays appellant's claims until disposition of the probate proceeding and the Green County case as the "issues and claims raised herein are similar to and arise out of the same operative facts contained" in those two cases. See, October 21, 2002 Judgment Entry.
 {¶ 17} In Bellaire City Schools Board of Education v. Paxton
(1979), 59 Ohio St.2d 65, syllabus, the Supreme Court of Ohio held a stay was not a final appealable order "when it does not, in effect, determine the action and prevent a judgment." See also, Milo, Exrx v. Milo (1984),9 Ohio St.3d 115.
 {¶ 18} Based upon the foregoing, this appeal is dismissed.
By Farmer, J., Hoffman, P.J. and Edwards, J. concur.
Topic: No FAO.