OPINION
{¶ 1} Plaintiff-appellant the State of Ohio appeals from the dismissal of its criminal complaint against defendant-appellee Lowman Lumber Company on double jeopardy grounds. The State contends that the trial court erred in concluding that sole proprietorships are not subject to criminal liability under R.C. 2901.23. We conclude that *Page 2 
the trial court did not err in dismissing the charges against Lowman. A sole proprietorship has no legal identity separate from that of the individual owner, who is the actor in the eyes of the law. Where a criminal conviction has been obtained against the owner, subjecting the sole proprietorship to criminal liability would violate the owner's rights under the Double Jeopardy clauses of Article I, Section 10, of the Ohio Constitution, and of the Fifth and Fourteenth amendments to the United States Constitution. The statute in question, R.C. 2901.23, does not indicate an intent to provide for multiple punishments for the same criminal act. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 2} In February 2007, the State filed a six-count indictment against Larry S. Green, Sturgil K. Lowman, and Lowman Lumber Company. Counts One and Two alleged violations of R.C. 2913.02(A)(1), in that Larry S. Green had deprived Jeanne Estep and Mary Ellen Muench, an elderly or disabled person, of lumber having a value of $5,000 or more. Counts Three and Four alleged that Sturgil Lowman and Lowman Lumber Company had received Muench's and Estepp's lumber, having reason to believe the lumber had been obtained through commission of a theft offense, in violation of R.C. 2913.51(A).[1] Counts Five and Six alleged that Green, Sturgil, and Lowman had also caused a substantial risk of harm to the property of Estep and Muench, in violation of R.C. 2909.06(A)(1). *Page 3 
 {¶ 3} At the State's request, the trial court severed Green's trial from that of the other defendants. Sturgil and Lowman then waived their right to a jury trial, and the matter was tried before the court in August 2007. After a bench trial, the court found Sturgil guilty of Counts Three and Six, and not guilty of Counts Four and Five. The court also struck Lowman as a defendant. The court concluded that Lowman Lumber Company is a trade name, which is actually Sturgil Lowman doing business as Lowman Lumber, and that Lowman has no legal existence apart from Sturgil. In addition, the court concluded that a sole proprietorship is not a legal entity and does not qualify as an organization for purposes of R.C. 2901.23, which allows organizations to be convicted of offenses. Accordingly, the trial court struck the claims against Lowman, concluding that they were barred by principles of double jeopardy.
 {¶ 4} The evidence indicated that Green was not a Lowman employee, but was working on Lowman's behalf to find lumber that Lowman could cut and sell. Muench owned one parcel of land, but had rejected overtures from Green to purchase 43 trees that were located on the back portion of her property. Estep owned a 27-acre parcel adjacent to Muench's property. Approximately seven of these acres were leased by Ken West, who used the land to operate a landfill. In June 2006, West and Sturgil entered into an agreement that allowed Lowman to cut down trees. However, West did not have authority to grant permission to cut the trees. Lowman subsequently cut lumber from both parcels of property. After the owners realized the trees had been cut, the police were alerted and indictments were filed against Green, Sturgil, and Lowman.
 {¶ 5} The trial court concluded that the State had filed to prove that Sturgil knew West did not own the Estep property and did not have authority to consent to the *Page 4 
harvesting of the trees. However, with regard to the Muench property, the court found evidence of Sturgil's actual knowledge, and of Sturgil's deliberate avoidance of positive knowledge about the property, to avoid responsibility. The trial court, therefore, found Sturgil guilty of receiving stolen property and criminal damaging with regard to the Muench propety, but not guilty of the same charges in connection with the Estep property. The State filed a notice of appeal from the judgment dismissing the charges against Lowman, pursuant to R.C. 2945.67(A).
 II {¶ 6} The State's sole assignment of error is as follows:
 {¶ 7} "THE TRIAL COURT ERRED BY DISMISSING THE CHARGES AGAINST LOWMAN LUMBER COMPANY BECAUSE SOLE PROPRIETORSHIPS ARE SUBJECT TO CRIMINAL LIABILITY UNDER R.C. 2901.23 AND, THEREFORE, DOUBLE JEOPARDY'S PROHIBITION AGAINST IMPOSING MULTIPLE CRIMINAL PENALTIES UPON THE SAME DEFENDANT FOR THE SAME CONDUCT WILL NOT BE VIOLATED IF LOWMAN LUMBER COMPANY AND STURGIL LOWMAN ARE BOTH CONVICTED."
 {¶ 8} Under this assignment of error, the State contends that Lowman is a commercial entity, and falls within unambiguous language in R.C. 2901.23(A)(4) that includes commercial entities among organizations that may be convicted of an offense. The State also contends that even if Lowman and Sturgil are considered to be the same defendant, double jeopardy is not violated where the legislature shows an intention to permit multiple punishments for a single offense. The State argues that R.C. 2901.23 is *Page 5 
a statute that shows such intent.
 {¶ 9} R.C. 2901.23(A) provides, in pertinent part, that:
 {¶ 10} "An organization may be convicted of an offense under any of the following circumstances:
 {¶ 11} "* * *
 {¶ 12} "(4) If, acting with the kind of culpability otherwise required for the commission of the offense, its commission was authorized, requested, commanded, tolerated, or performed by the board of directors, trustees, partners, or by a high managerial officer, agent, or employee acting in behalf of the organization and within the scope of his office or employment."
 {¶ 13} R.C. 2901.23(D) further states that:
 {¶ 14} "As used in this section, `organization' means a corporation for profit or not for profit, partnership, limited partnership, joint venture, unincorporated association, estate, trust, or other commercial or legal entity. `Organization' does not include an entity organized as or by a governmental agency for the execution of a governmental program."
 {¶ 15} In State v. Worsencroft (1995), 100 Ohio App.3d 255,653 N.E.2d 746, the Tenth District Court of Appeals considered whether a Crim. R. 29(A) acquittal of charges against a sole proprietorship bars the subsequent conviction of the owner, individually, on the same charges. Unlike in the case before us, the State conceded in Worsencroft that a sole proprietorship "does not qualify as an `organization' for purposes of organizational criminal liability within the scope of 2901.23."100 Ohio App.3d at 259. Noting this fact, the Tenth District went on to observe that: *Page 6 
 {¶ 16} "As a threshold matter, we agree with the trial court's resolution of this issue. While on its face the statute is arguably drafted broadly enough to encompass a sole proprietorship under the `other commercial or legal entity' language, we do not believe that the statute is aimed at imposing an additional form of criminal liability upon the individual business owner. The paucity of case law regarding prosecutions brought against sole proprietorships under R.C. 2901.23
further suggests the problematic nature of indicting them separately, as opposed to indicting the business owner `doing business as' a sole proprietor." Id. at 259.
 {¶ 17} The State contends that the Tenth District's decision is incorrect because R.C. 2901.23(D) plainly and unambiguously includes commercial or legal entities other than corporations or partnerships within the definition of "organization." The State argues that Lowman, as a commercial entity, is therefore subject to criminal liability. We disagree.
 {¶ 18} In Patterson v. V M Auto Body (1992), 63 Ohio St.3d 573,589 N.E.2d 1306, the plaintiff brought suit against V M Auto Body, a sole proprietorship owned by an individual, Victor Searfoss. Despite being notified on several occasions that he had sued the wrong party, the plaintiff never asked to amend the complaint to add Searfoss as a defendant. On appeal, the Ohio Supreme Court affirmed the reversal of a judgment awarded against the V M Body Shop. The Ohio Supreme Court stated that:
 {¶ 19} "It is well established that both plaintiff and defendant in a lawsuit must be legal entities with the capacity to be sued. * * * A sole proprietorship has no legal identity separate from that of the individual who owns it. It may do business under a fictitious name if it chooses, but `* * * [d]oing business under another name does not create an *Page 7 
entity distinct from the person operating the business. The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations. * * *'"63 Ohio St.3d at 574-75 (citations omitted).
 {¶ 20} Accordingly, the party responsible for the alleged transgressions in the case before us is Sturgil, not Lowman. Lowman has no legal identity separate from that of Sturgil, and would, therefore, not be subject to suit. Thus, regardless of how R.C. 2901.23(D) might be construed, the State has no ability to bring an action against Lowman. Lowman is not an entity that is capable of being sued, either criminally or civilly. Allowing criminal charges against Lowman, as the trial court pointed out, would result in multiple criminal penalties against the same defendant.
 {¶ 21} The State nonetheless contends that the Double Jeopardy Clause allows multiple penalties against the same defendant, where the legislature indicates an intent to provide for multiple penalties. To support this proposition, the State relies on State v. Childs,88 Ohio St.3d 558, 2000-Ohio-425, 728 N.E.2d 379. In Childs, the Ohio Supreme Court commented that:
 {¶ 22} "The Double Jeopardy Clause is not violated, however, where the legislature has evinced an intent to permit multiple punishments for a single offense. Thus, `[t]he real question is one of legislative intent, to be ascertained from all the data available.' * * * As the United States Supreme Court has clarified, `[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.' * * *
 {¶ 23} "Our inquiry in cases such as this, therefore, is limited to whether the *Page 8 
General Assembly intended to permit multiple punishments for the offenses at issue." 88 Ohio St.3d at 561 (citations omitted).
 {¶ 24} The Ohio Supreme Court noted in Childs that "the primary legislative statement on the multiplicity issue is found in R.C. 2941.25, concerning allied offenses of similar import. Known as Ohio's multi-count statute, that provision asks essentially whether the offenses correspond to such a degree as to constitute the same offense." Id.
 {¶ 25} R.C. 2941.25 provides that:
 {¶ 26} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 27} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 28} In State v. Brown, 119 Ohio St.3d 447, 2008-Ohio-4569,895 N.E.2d 149, the Ohio Supreme Court stated that while the two-tiered test in R.C. 2941.25 is helpful in construing legislative intent:
 {¶ 29} "[I]t is not necessary to resort to that test when the legislature's intent is clear from the language of the statute. A cardinal rule of statutory interpretation is that `[a] court must look to the language and purpose of the statute in order to determine legislative intent.' * * * `[W]hen the General Assembly has plainly and unambiguously *Page 9 
conveyed its legislative intent, there is nothing for a court to interpret or construe, and therefore, the court applies the law as written.'". 2008-Ohio-4569, at ¶ 37.
 {¶ 30} After reviewing R.C. 2901.23(A)(4) and (D), we do not agree with the State that R.C. 2901.23 is unambiguous. The statute refers to a number of types of organizations, and then includes other "commercial" enterprises, without specifying what legal forms those enterprises might take. Because the legislature would have been aware of the existence of sole proprietorships, and the fact that they have no separate legal identity and cannot be sued, something more would be required in order to infer legislative intent to hold owners of sole proprietorships doubly liable for their acts. This conclusion is supported by the fact that the legislature has specifically included sole proprietorships and organizations that are not legal entities in another section of the criminal code.
 {¶ 31} R.C. 2923.32(A)(1) states that "[n]o person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt." For purposes of this section, R.C. 2923.31(C) defines an "enterprise" to include
 {¶ 32} "any individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, government agency, or other legal entity, or any organization, association, or group of persons associated in fact although not a legal entity."
 {¶ 33} R.C. 2923.32(B) also permits multiple punishments for engaging in a pattern of corrupt activity and a conspiracy to engage in a pattern of corrupt activity. Courts reviewing this statute have rejected double jeopardy challenges. See, e.g., State v. Wilson (1996),113 Ohio App.3d 737, 748, 682 N.E.2d 5. *Page 10 
 {¶ 34} As noted, R.C. 2901.23 contains no comparable language. If the legislature had intended to impose cumulative punishments on individuals like Sturgil, who are sole proprietors, the legislature could have made the wording explicit, as it did in R.C. 2923.31 and R.C. 2923.32.
 {¶ 35} The State's argument having failed on the basis of legislative intent, the remaining issue is whether the offenses charged against Sturgil and Lowman are allied offenses of similar import. Viewed from this perspective, there is no question that the offenses correspond to such a degree as to constitute the same offense. In fact, Sturgil and Lowman are both charged together in the same counts of the indictment for the same acts. Accordingly, to allow Lowman to be convicted and punished for the same counts would violate the Double Jeopardy Clause.[2]
 {¶ 36} The State's sole assignment of error is overruled.
 III {¶ 37} The State's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and WOLFF, JJ., concur.
Copies mailed to:
Mathias H. Heck, Jr.
R. Lynn Nothstine
James T. Boulger
Hon. Jeffrey E. Froelich
[1] The defendants will be referred to as Green, Sturgil, and Lowman for purposes of convenience.
[2] In Childs, the Ohio Supreme Court also discussed R.C. 2923.01(F), which contains an additional limitation upon multiple punishments in the context of conspiracy offenses. Id. This statute does not apply, because the indictment does not allege that Lowman had engaged in conspiracy. *Page 1