**MILLER, Appellee,**

v.

**BAUER et al., Appellants,**

[Cite as *Miller v. Bauer* (2000), 139 Ohio App.3d 922.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 00AP–323.

Decided Sept. 26, 2000.

*Robert E. Schuerman,* for appellee.

*Robert J. Mann,* for appellants.

BOWMAN, Presiding Judge.

Appellants, Martha R. and Charles Bauer, appeal from three decisions rendered by the Franklin County Court of Common Pleas and set forth the following assignments of error:

"Assignment of error number I: The lower court erred and abused its discretion in excluding Alba Whiteside from testifying as an expert witness at trial.

"Assignment of error number II: The lower court erred in failing to continue the trial date when Mrs. Bauer was medically unable to proceed.

"Assignment of error number III: The lower court erred in granting a prejudgment attachment in violation of R.C. 2715.044.

"A. Appellee failed to post the bond required by R.C. 2715.044.

"B. Appellee failed to demonstrate it is probable that she will prevail on the merits of this case.

"C. There is no evidence of an intent to abscond with or conceal funds.

"Assignment of error number IV: The lower court had no legal right or authority to issue a prejudgment attachment against Charles Bauer where there were no monetary claims against him, and therefore appellee was not entitled to seize his assets.

"Assignment of error number V: The lower court erred in having the magistrate decide the Bauer's motion to quash service of process and then proceed with the preliminary injunction hearing when the motion to quash had not been referred and assigned to the magistrate for decision, and when the Bauers had never been provided notice of a hearing on said motion.

"Assignment of error number VI: The lower court erred in issuing an injunction based on the merits of the alleged rights and claims of appellee against Mrs. Bauer when Mrs. Bauer had not been served in the case as of the date of such hearing and decision, and the court therefore had no jurisdiction over her, and therefore could not make rulings effecting her rights.

"Assignment of error number VII: The lower court erred in issuing an injunction when the appellee had an adequate remedy at law.

"Assignment of error number VIII: The lower court erred in failing to require appellee to post an adequate bond, and the failure to set an adequate bond renders the injunction unenforceable.

"Assignment of error number IX: The lower court erred in allowing a preliminary injunction to substitute for a prejudgment attachment."

In response, appellee, Linda J. Miller, has filed a motion to dismiss on the basis that the decisions are not final, appealable orders and/or were not timely filed. For the reasons which follow, we find appellee's motion to dismiss to be well taken.

Appellee represented appellant, Martha R. Bauer, in a claim for legal malpractice which resulted in a judgment in favor of Ms. Bauer in the amount of $98,881.96. The judgment was affirmed by this court in *Bauer v. Georgeff* (Sept. 1, 1998), Franklin App. No. 97APE03–313, unreported, 1998 WL 614636. When Ms. Bauer refused to pay appellee's attorney fees, appellee filed a complaint for breach of contract. Contemporaneous with filing the complaint, appellee filed a motion for prejudgment attachment of funds received by Ms. Bauer in settlement of the underlying malpractice litigation, as well as a motion for a temporary restraining order to prevent Ms. Bauer, her husband, Charles Bauer, and her attorney, Robert J. Mann, from disposing of settlement funds pending the outcome of this litigation. Mann subsequently deposited with the court $11,000, that had been held in his trust account and has been dismissed as a party.

During the course of litigation, the trial court issued the following decisions, which are the subject of this appeal: on April 9, 1999, the court issued a preliminary injunction; on March 2, 2000, the court overruled objections to a magistrate's decision that determined appellee had met the statutory requirements for a pre-judgment attachment; and, on March 20, 2000, the court denied appellants' motion to place the case on a two-year track and denied appellants' request for a continuance of a March 22, 2000 trial date.

This case had yet to be tried and remains pending in the Franklin County Court of Common Pleas.

Section 3(B)(2), Article IV of the Ohio Constitution provides:

"(2) Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district, except that courts of appeals shall not have jurisdiction to review on direct appeal a judgment that imposes a sentence of death. Courts of appeals shall have such appellate jurisdiction as may be provided by law to review and affirm, modify, or reverse final orders or actions of administrative officers or agencies."

Thus, this court only has jurisdiction to review final orders which are defined in R.C. 2505.02(B):

"(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

"(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

"(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

"(3) An order that vacates or sets aside a judgment or grants a new trial;

"(4) An order that grants or denies a provisional remedy and to which both of the following apply:

"(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

"(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

"(5) An order that determines that an action may or may not be maintained as a class action."

 The appeal of a final order must also be timely in order for this court to exercise jurisdiction. *Moldovan v. Cuyahoga Cty. Welfare Dept.* (1986), 25 Ohio St.3d 293, 25 OBR 343, 496 N.E.2d 466. App.R. 4(A) provides:

"A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."

Appellants argue that the March 2, and March 20, 2000 decisions are final, appealable orders pursuant to R.C. 2505.02(B)(4), as each decision determined the action and prevented a judgment in appellants' favor. Appellants further argue that the April 9, 1999 decision is appealable because:

"As the Bauers believe the order of March 20, 2000, for the reasons set forth herein, was a final order, that makes all other orders issued in the case final and subject to review upon appeal. The order of April 9, 2000, is therefore appealable at this time."

The April 9, 1999 entry, which granted appellee's request for a preliminary injunction, ordered that Mann was restrained from transferring, dispersing or otherwise disposing of any part of $11,000 received on behalf of Ms. Bauer, which amount had been deposited into his trust account, and that Bauer was restrained from transferring, dispersing or otherwise disposing of any or all of $34,000 withdrawn from his account on or about January 25, 1999.

 While the 1998 amendments to R.C. 2505.02 suggest that a preliminary injunction, which also meets the requirements of R.C. 2505.02(B)(4)(a) and (b), is a final, appealable order, such an appeal must be timely taken. Appellant did not appeal the April 9, 1999 order until May 1, 2000, and, thus, this court lacks jurisdiction. App.R. 4(A); *Moldovan.*

■ The March 2, 2000 decision adopted a magistrate's decision which found appellee was entitled to a prejudgment attachment of funds held by appellants. At the magistrate's hearing, held December 30, 1999, appellants argued that appellee failed to meet the statutory requirements for prejudgment attachment and that some of the funds were exempt from attachment. The magistrate bifurcated the decision between the legal issue of whether appellee met the requirements of R.C. 2715.03 *et seq.* and the factual issue of whether the funds were exempt from attachment.

In a decision rendered January 25, 2000, the magistrate concluded appellee had met the statutory requirements and decided she was entitled to a prejudgment attachment. Appellants filed objections and this portion of the magistrate's decision was adopted in the March 2, 2000 order. While an order for a prejudgment attachment might well be appealable under some circumstances, the decision herein is not appealable for two reasons. First, the decision was never journalized. Second, there are issues relating to the prejudgment attachment still pending in the trial court. On February 24, 2000, the magistrate decided that only $2,195.58 of the funds sought to be attached were exempt. Appellants filed objections and the trial court has not issued a decision. Therefore, the issue of whether appellee is entitled to a prejudgment attachment of some, all or none of the funds in dispute remains to be decided and there is no final order. If appellants prevail on their objections as to the exemption of the funds, the prejudgment attachment will not issue.

■ Last, the court's decision rendered March 20, 2000, denied appellants' March 17, 2000 motion for a continuance of a trial set for March 22, 2000, and denied appellants' motion to place the case on a two-year track pursuant to Loc.R. 37.03. Appellants argue this decision is a final appealable order because it denied their right to call an expert witness and she was medically unable to appear for trial. Therefore, appellants argue the effect of the order was to determine the action and prevent a judgment.

■ Contrary to appellants' arguments, both in their brief and at oral argument, the March 20, 2000 decision did not exclude appellants' expert witness and, in fact, the decision makes no reference to an expert witness. On January 10, 2000, the trial court denied another motion by appellants to amend the scheduling order, which had the practical effect of denying their right to call an expert witness as the scheduling order required the disclosure of all such witnesses by August 9, 1999. Even if this order had been timely appealed, an order excluding an expert witness is not a final, appealable order. *Cox v. Greene Mem. Hosp., Inc.* (Mar. 10, 2000), Greene App. No. 99–CA–97, unreported, 2000 WL 262635.

While the 1998 amendments to R.C. 2505.02 have made some orders that would otherwise be considered interlocutory orders to be appealable orders, it was not the purpose of the amendment to allow or encourage piecemeal appeal of every order issued by a trial court while litigation is still pending. A decision by the trial court overruling a request for a continuance or to amend a scheduling order is not a final appealable order.

Therefore, appellee's motion to dismiss is sustained.

*Motion to dismiss granted*
*and appeal dismissed.*

LAZARUS and BROWN, JJ., concur.