OPINION
{¶ 1} Plaintiffs-appellants Ralph and Kathy Miklovic appeal the September 29, 2004, Judgment Entry of the Knox County Court of Common Pleas which denied appellants' motion to vacate a grant of partial summary judgment, motion to compel discovery and motion for a continuance of trial in the Knox County Court of Common Pleas, respectively. Defendants-appellees are K. Dean Shira, individually, and K. Dean Shira Construction.
 STATEMENT OF THE FACTS AND CASE {¶ 2} This case was originally filed in Cuyahoga County. Appellants Ralph and Kathy Miklovic filed a six count complaint against defendants-appellees K. Dean Shira and K. Dean Shira Construction. The complaint arises from a contract between the parties whereby appellees were to construct a log cabin home for appellants. In the complaint, appellants raised six counts: breach of contract, unjust enrichment, fraudulent misrepresentation, conversion, detrimental reliance and action on a performance bond. Appellees filed a counterclaim in which they sought payment for materials furnished and labor performed in the construction of the home for appellants.
 {¶ 3} Subsequently, appellees filed a motion for a change of venue. The motion was granted and the case was transferred to Knox County, Ohio.
 {¶ 4} Subsequently, on June 25, 2004, appellees filed a motion for summary judgment on five of the six counts in appellants' complaint. The matter was set for a non-oral hearing on July 26, 2004, at 4:00 P.M. On July 30, 2004, four days after the deadline for appellants to respond, appellants sought leave of court until August 19, 2004, to respond to appellees' motion for summary judgment.
 {¶ 5} On August 2, 2004, the trial court sustained appellees' motion for summary judgment regarding five of the six counts. A trial on the remaining count was scheduled for September 28, 2004.
 {¶ 6} On September 22, 2004, appellants filed three motions: a motion to vacate the judgment entry granting appellees' motion for summary judgment, a motion to continue trial and a motion to compel discovery. On September 27, 2004, a day before the trial, appellants' counsel filed an affidavit of disqualification with the Ohio Supreme Court. That same day, the Ohio Supreme Court denied the affidavit of disqualification.
 {¶ 7} The next day, September 28, 2004, the day upon which the trial was scheduled, appellants renewed their motion for a continuance. However, by Judgment Entry filed on September 29, 2004, the trial court denied appellants' motion for a continuance, the motion to compel discovery and the motion to vacate the prior grant of partial summary judgment.
 {¶ 8} Following the trial court's decision, the parties orally entered into a consent judgment in which judgment was awarded in favor of appellees and against appellants for the sum of $23,000.00. A Consent Judgment was filed on October 5, 2004.
 {¶ 9} Appellants appeal, raising the following assignments of error:
 {¶ 10} "I. The trial court abused its discretion when it denied plaintiffs' motion to vacate its order granting summary judgment to defendants.
 {¶ 11} "II. The trial court abused its discretion when it denied plaintiffs' motion to continue the within trial."
 {¶ 12} Before this court can reach the assignments of error presented by appellants, it must address whether appellants have appealed from a final, appealable order. This issue was raised by appellees in a motion to dismiss. In response to appellees' motion, this court issued a Judgment Entry in which it held that appellees' motion to dismiss would be considered at the time of merit review.
 {¶ 13} Upon such consideration, we find that appellees' motion is well taken. Appellate Rule 3(D) provides, in pertinent part, that "[t]he notice of appeal . . . shall designate the judgment, order or part thereof appealed from. . . ." We agree with the Eighth District Court of Appeals which has held that "App.R. 3 must be construed in light of the purpose of a notice of appeal, which is to notify appellees of the appeal and advise them of "just what appellants . . . [are] undertaking to appeal from." Parks v. Baltimore Ohio RR (1991), 77 Ohio App.3d 426,428, 602 N.E.2d 674, (citing Maritime Manufacturers, Inc. v. Hi-SkipperMarina (1982), 70 Ohio St.2d 257, 258-259, 436 N.E.2d 1034). The notice of appeal filed by appellants states that the appeal is taken from the September 29, 2004, Judgment Entry of the trial court in which the trial court denied appellants' motion for a continuance, motion to compel discovery, and motion to vacate the trial court's prior grant of partial summary judgment.
 {¶ 14} Ohio law provides that appellate courts have jurisdiction to review only the final orders or judgments. See, generally, Section3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed.
 {¶ 15} "A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." State exrel. Keith v. McMonagle, 103 Ohio St.3d 430; 2004-Ohio-5580,816 N.E.2d 597, at para. 4 (citing Bell v. Horton (2001),142 Ohio App.3d 694, 696, 756 N.E.2d 1241). "A `final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. UnitedStates (1945), 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911. Revised Code 2505.02(B) defines final orders as follows:
 {¶ 16} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 17} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 18} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 19} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 20} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 21} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 22} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 23} "(5) An order that determines that an action may or may not be maintained as a class action." . . .
 {¶ 24} For the following reasons, we find that the Judgment Entry from which appellants seek to appeal is not a final appealable order. The Judgment Entry denies three different motions filed by appellants. We will consider the denial of each motion, in turn.
 {¶ 25} The Judgment Entry appealed from denied appellants' motion for a continuance. The denial of a motion for a continuance is not a final, appealable order. Lamont v. Lamont, Geauga App. No. 2004-G-2591, 2004-Ohio-5515; General Elec. Supply Co. v. Warden Elc., Inc. (1988),38 Ohio St.3d 378, 528 N.E. 195, syllabus.
 {¶ 26} In addition, the Judgment Entry appealed from overruled appellant's motion to compel discovery. Discovery orders are generally interlocutory and, as such, are neither final nor appealable, especially those that deny discovery. DeAscentis v. Margello, Franklin app. No. 04AP-4, 2005-Ohio-1520. In this case, the trial court's order denying appellants' motion to compel discovery was not final and appealable since appellants would have had a meaningful and effective remedy by appeal following final judgment. R.C. 2505.02(B)(4)(b).
 {¶ 27} The Judgment Entry also denied appellants' Civ. R. 60(B) motion to vacate the trial court's previous grant of partial summary judgment. Civil Rule 60(B) states in pertinent part: "On motion and upon and such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding. . . ." (emphasis added). The provisions of Civ.R. 60(B) clearly require a final judgment in order for relief to be granted. In this case, appellant sought to vacate a partial grant of summary judgment. An order granting partial summary judgment in favor of a party does not meet the criteria identified in R.C. 2505.02(B). Thus, the grant of partial summary judgment in favor of appellees was not final appealable orders. See Stateex rel. White v. Cuyahoga Metro. Hous. Auth., 79 Ohio St.3d 543, 546,1997-Ohio-366, 684 N.E.2d 72. See also Accu-Scan, Inc. v. Global-Tran,Inc. (Dec. 11, 1991), Richland App. No. CA-2950, 1991 WL 271468. Appellants cannot transform an otherwise non-final, appealable order into a final, appealable order by attempting to challenge it via Civ. R. 60(B). As such, the order denying appellants motion to vacate a non-final appealable order granting partial summary judgment was not a final, appealable order.
 {¶ 28} For the foregoing reasons, we find that the September 29, 2004, Judgment Entry was not final and appealable. Therefore, we lack jurisdiction to consider appellants' appeal and must dismiss the appeal.
 {¶ 29} However, even if this court were to have jurisdiction, we would not reach the merits of appellants' assignments of error. This case reaches this court upon the trial court's entry of a Consent Judgment. In that Consent Judgment, the trial court stated as follows:
 {¶ 30} "This matter came on for jury trial on September 28, 2004. Plaintiffs, Ralph Miklovic and Kathy Miklovic, were not present. Appearing on behalf of plaintiffs was Mr. James L. Major, Esq. Defendant and counter-claimant, K. Dean Shira, was present and represented by William J. Kepko, Esq. The Court, having been advised that the parties reached a settlement on all matters and the settlement, having been read into the record, and the Court, having been further advised that plaintiffs have consented to having judgment entered against them and in favor of defendant, IT IS HEREBY ORDERED that judgment, in the amount of twenty-three thousand dollars ($23,000.00), is hereby entered against plaintiffs Ralph Miklovic and Kathy Miklovic, jointly and severally, and in favor of defendant, K. Dean Shira. Plaintiffs shall take nothing on their complaint."[1]
 {¶ 31} "A valid consent judgment or decree based upon compromise and settlement precludes parties and their privies from relitigating issues involved therein." Wasson v. Brumbaugh (June 26, 1981), Wood App. No. WD-80-70, 1981 WL 5686 (citing to U.S. v. Stinnett (W.D.Okla. 1970),318 F.Supp. 1337, 1338). Further, "[a] party to a consent decree or other judgment entered by consent may not appeal unless it explicitly reserves the right to appeal. The purpose of a consent judgment is to resolve a dispute without further litigation, and so would be defeated or at least impaired by an appeal. The presumption, therefore, is that the consent operates as a waiver of the right to appeal. It is because the parties should not be left guessing about the finality and hence efficacy of the settlement that any reservation of a right to appeal should be explicit." Tradesmen Internatl. Inc. v. Kahoe (Mar. 16, 2000), Cuyahoga App. No. 74420 (quoting Assn. of Community Orgs. for Reform Now v. Edgar
(C.A.7, 1996), 99 F.3d 261, 262); Bromley v. Hinton and KeithDevelopment, Summit App. No. 20730, 2002-Ohio-1249; Mentor v. LagoonsPoint Land. Co. (Dec. 17, 1999), Lake No. 98-L-190, 1999 WL 1313674. (Where parties reach a settlement agreement in a dispute, they waive their right to claim error and are barred from relitigating the issues involved therein).
 {¶ 32} Appellants do not dispute that they entered into a settlement agreement. However, appellants attempt to claim error based upon the trial court's denial of motions entered by the trial court prior to the settlement agreement between the parties. Appellants waived the right to raise such issues when they entered the settlement agreement.
 {¶ 33} However, this appeal is dismissed since appellants failed to appeal from a final, appealable order.
Edwards, J. Gwin, P.J. and Boggins, J. concur.
[1] Appellants have not furnished this Court with a transcript of proceeding from September 28, 2004, the day the trial was scheduled to begin and the day the trial court references in its entry.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, appellants' appeal is dismissed. Costs assessed to appellants.