[Cite as *State v. Peete*, 2013-Ohio-5079.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-T-0104** |
| DERRICK DEE PEETE (AKA "RIZZI"), | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2012 CR 786.

Judgment: Appeal dismissed.

*Dennis Watkins,* Trumbull County Prosecutor, and *LuWayne Annos,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Heidi A. Hanni*, 1714 Boardman-Poland Road, Youngstown, OH    44514 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1}    On October 28, 2013, appellant, Derrick Dee Peete (aka "Rizzi"), by and through counsel, filed a notice of appeal from an October 23, 2013 entry of the Trumbull County Court of Common Pleas.  In that entry, the trial court denied appellant's motion to continue.  A review of the trial court docket reflects that a jury trial is set for November 12, 2013, at 8:30 a.m.

{¶2}    Appellee, the state of Ohio, filed an "Emergency Motion to Dismiss Pending Appeal" on October 31, 2013.

{¶3} According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶3. If a lower court's order is not final, an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).

{¶4} Pursuant to R.C. 2505.02(B), there are seven categories of "final orders"; if a trial court's judgment satisfies any of them, it is considered a "final order," which can be immediately appealed and reviewed by a court of appeals.

{¶5} R.C. 2505.02(B) states, in part:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> (3) An order that vacates or sets aside a judgment or grants a new trial;
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

(5) An order that determines that an action may or may not be maintained as a class action;

(6) An order determining the constitutionality of any changes to the Revised Code * * *;

(7) An order in an appropriation proceeding * * *.

{¶6} Generally, the judgment of conviction and sentence is the final, appealable order in a criminal case. *See State v. Lester,* 130 Ohio St.3d 303, 308, 2011-Ohio-5204. Crim.R. 32(C) provides that; "[a] judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence."

{¶7} Further, the court in *Miller v. Bauer,* 139 Ohio App.3d 922, 928 (10th Dist.2000), held that an order overruling a motion for continuance is not a final, appealable order. *See also State v. Evans,* 6th Dist. Lucas No L-08-1095, 2008-Ohio-2093, ¶11.

{¶8} In the present case, appellant's appeal is based solely on an interlocutory order issued prior to the jury trial, which denied his motion to continue the trial. An order denying a continuance does not fall into any of the categories under R.C. 2505.02 or Crim.R. 32(C). Thus, we lack jurisdiction to consider an appeal from the October 23, 2013 judgment entry.

{¶9} Accordingly, appellee's motion to dismiss the appeal for lack of a final, appealable order is hereby granted.

{¶10} Appeal dismissed.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.