[Cite as *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2020-Ohio-3932.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. BRIAN M. AMES, | : | **O P I N I O N** |
| Relator-Appellant, | : | |
| | | **CASE NO. 2019-P-0102** |
| - vs - | : | |
| PORTAGE COUNTY BOARD OF COMMISSIONERS, | : | |
| Respondent-Appellee. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2018 CV 00283.

Judgment: Affirmed.

*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, Ohio 44260 (Relator-Appellant).

*Victor V. Vigluicci,* Portage County Prosecutor, and *Timothy J. Piero*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, Ohio 44266 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Brian M. Ames, appeals the judgment dismissing his claims against appellee, the Portage County Board of Commissioners (the Board). Ames argues that dismissal was improper, that the court erred in granting the Board leave to answer, and that summary judgment should been have granted in Ames' favor. We affirm.

{¶1}     Ames filed his complaint against the Board for mandamus, injunction, and declaratory judgment in April of 2018.  That same month, the Board moved to stay the proceedings due to identical claims allegedly filed against it by Ames in other lawsuits.

{¶2}     The first assigned judge recused herself, and the motion for stay had not been ruled on when Ames moved for default judgment in January 2019.  In response, the Board moved for leave to file its answer instanter, which the newly assigned judge granted.  Thereafter, the court denied Ames' motion for default.

{¶3}     The parties filed competing motions for summary judgment, and before ruling on these motions, the court issued its September 30, 2019 consent entry of dismissal dismissing the case with prejudice.

{¶4}     Ames raises four assigned errors:

{¶5}     "[1.] The trial court erred in granting leave without affording relator fourteen days to respond to the Board's motion for leave. (T.d. 15).

{¶6}     "[2.] The trial court erred in granting an extension of time without the finding of excusable neglect required by Civ.R. 6(B)(2). (T.d. 15).

{¶7}     "[3.] The trial court erred by failing to grant summary judgment to Mr. Ames. (T.d. 40).

{¶8}     "[4.] The trial court erred as a matter of law by granting a consent dismissal with the parties having executed neither it nor any settlement agreement. (T.d. 40)."

{¶9}     We address Ames' fourth assignment of error first because it is dispositive. It contends that dismissal of his claims was improper because the parties did not reach a settlement.

{¶10} Ames concedes that the parties discussed settlement during an August 30, 2019 hearing but claims that the parties did not actually enter into a settlement agreement. Instead, Ames alleges the parties only exchanged settlement proposals. Ames claims the lack of a settlement agreement is established by the fact that the parties did not sign the consent entry of dismissal.

{¶11} The dismissal of civil actions is governed by Civ.R. 41, which states in pertinent part:

{¶12} "(A) Voluntary Dismissal: Effect Thereof.

{¶13} "(1) *By Plaintiff; By Stipulation.* * * * a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:

{¶14} "(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;

{¶15} "(b) filing a stipulation of dismissal signed by all parties who have appeared in the action.

{¶16} "* * *

{¶17} "(2) *By Order of Court.* Except as provided in division (A)(1) of this rule, a claim shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper. * * * Unless otherwise specified in the order, a dismissal under division (A)(2) of this rule is without prejudice."

{¶18} The September 30, 2019 consent entry of dismissal states:

3

{¶19} "Whereas the parties have reached a settlement in this matter, and whereas Relator hereby moves this Court to dismiss this case with prejudice, with both parties agreeing to the same, this Court does so dismiss this case. Court costs shall be borne equally by both parties."

{¶20} The judge signed the consent entry of dismissal, but the lines for the parties to sign are blank.

{¶21} The dismissal here was by order of the court under Civ.R. 41(A)(2) and has no signature requirement. That the parties did not sign the consent entry is therefore inconsequential, and this aspect of Ames' argument lacks merit.

{¶22} As for Ames' claim that a settlement agreement was never reached and that the parties only exchanged settlement proposals, the record is silent.

{¶23} The parties agree that this August 2019 hearing was not recorded and thus no transcript of the proceedings exists. If no recording of the trial proceedings was made, then App.R. 9(C) and 9(D) provide alternative means for producing a record. Ames did neither.

{¶24} Because there is no record supporting Ames' arguments on appeal, we presume the regularity of the trial court's decision and affirm. *Warren v. Clay*, 11th Dist. Trumbull No. 2003-T-0134, 2004-Ohio-4386, ¶ 7 (affirmance required because appellant cannot demonstrate error); *Mix v. Mix*, 11th Dist. Portage No. 2003-P-0124, 2005-Ohio-4207, ¶ 25 ("party challenging the trial court's decision must prove the alleged error through references to the record"); *Groveport Madison Local Schools Bd. of Education v. Franklin Cty. Bd. of Revision*, 10th Dist. Franklin No. 17AP-693, 2018-Ohio-4620, 124 N.E.3d 341, ¶ 24. Thus, his fourth assigned error lacks merit.

4

{¶25} As for Ames' remaining three assigned errors, regarding the court's decision to grant the Board leave and denying Ames' summary judgment motion set forth in his first, second, and third assignments, these alleged errors are waived on appeal because the case was dismissed pursuant to the parties' settlement agreement. *Mentor v. Lagoons Point Land. Co.,* 11th Dist. Lake No. 98-L-190, 1999 WL 1313674, *5 (Dec. 17, 1999) (when parties reach a settlement agreement, they waive their right to claim error and are barred from relitigating the issues); *Perko v. Perko*, 11th Dist. Geauga No. 2001-G-2403, 2003-Ohio-1877, ¶ 32; *Bromley v. Hinton and Keith Development,* 9th Dist. Summit No. 20730, 2002-Ohio-1249; *Miklovic v. Shira*, 5th Dist. Knox No. 04-CA-27, 2005-Ohio-3252, ¶ 31-33.

{¶26} Accordingly, Ames' assigned errors lack merit, and the trial court's decision is affirmed.


TIMOTHY P. CANNON, P.J.,

MARY JANE TRAPP, J.,

concur.