NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-4185

H.R., APPELLANT, *v*. P.J.E, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *H.R. v. P.J.E.*, Slip Opinion No. 2023-Ohio-4185.]**

*S.Ct.Prac.R. 4.03(A)—Appeal not accepted for review—Memorandum in support of jurisdiction filed on behalf of appellant deemed frivolous—Appellant's counsel sanctioned for instituting a frivolous appeal and declared to be vexatious litigators.*

(No. 2023-0907—Submitted October 24, 2023—Decided November 22, 2023.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 112990.

_____

**Per Curiam.**

{¶ 1} We decline to accept this discretionary appeal filed on behalf of appellant, H.R.  The purpose of this opinion is not to explain that decision but to explain why the three attorneys representing H.R. are being sanctioned for instituting a frivolous appeal.  That sanction shall consist of appellee P.J.E.'s reasonable attorney fees, which may be recouped in the manner described in

Section II(B) of this opinion. Further, as explained in Section II(C) below, we declare H.R.'s three attorneys to be vexatious litigators.

## I. BACKGROUND

{¶ 2} According to H.R.'s jurisdictional memorandum and P.J.E.'s memorandum in response, the underlying dispute involves two motions filed by H.R. to modify a divorce decree regarding a spousal-support obligation payable by P.J.E. to H.R. H.R. is represented by Joseph G. Stafford, Nicole A. Cruz, and Kelley R. Tauring (collectively, "the Stafford counsel"), all of whom are attorneys employed at Stafford Law Company, L.P.A.

{¶ 3} On July 19, 2023, the trial court entered an order denying H.R.'s motion to continue the hearing on her motions to modify, which had been scheduled for that day. Later that day, H.R. appealed the trial court's order to the Eighth District Court of Appeals; the court of appeals sua sponte dismissed the appeal, explaining that the granting or denying of a motion for a continuance is not a final, appealable order; and H.R. filed a notice of appeal with a jurisdictional memorandum in this court.

{¶ 4} H.R.'s jurisdictional memorandum asks this court to accept the appeal on the following proposition of law: "A trial court's arbitrary denial of a motion for continuance, when a party is unavailable to attend and/or participate in trial due to known and substantial medical conditions is a final, appealable order subject to immediate review and constitutes an abuse of discretion." P.J.E. opposes H.R.'s jurisdictional appeal, noting that "[i]t is well established that the denial of a motion for continuance is not a final appealable order" and contending that H.R. had instituted her appeal merely to delay the motions hearing.

{¶ 5} The appeal brought by H.R. on July 19 was not the first time that the Stafford counsel have asked this court to decide whether a trial court's denial of a motion for a continuance is immediately appealable as a final order. The Stafford counsel have asked this court no fewer than three times this year to accept an appeal

presenting a substantially similar question. *See L.M. v. W.M.*, Supreme Court case No. 2023-0233 (appeal filed on February 16, 2023, by Stafford, Cruz, and Tauring); *C.H. v. J.H.*, Supreme Court case No. 2023-0723 (appeal filed on June 7, 2023, by Stafford, Cruz, and Tauring); *Johnson v. Johnson*, Supreme Court case No. 2023-0768 (appeal filed on June 15, 2023, by Stafford and Cruz).

{¶ 6} In this case, on September 29, we sua sponte ordered Stafford, as counsel of record for H.R., to "show cause within 14 days why he should not be sanctioned under S.Ct.Prac.R. 4.03(A) for instituting a frivolous appeal." 171 Ohio St.3d 1450, 2023-Ohio-3498, 218 N.E.3d 958. Stafford filed a timely response, asking that this court reconsider the show-cause order and find that the appeal is neither frivolous nor worthy of sanctions. The response represents that it is filed on behalf of Stafford, Cruz, and Tauring because all three attorneys are counsel of record for H.R. All three attorneys signed the response in writing. Although our show-cause order extended only to Stafford, we now conclude, based on the representation that the response to the show-cause order was filed by all three attorneys, that it is appropriate for us to determine whether Cruz and Tauring ought to be sanctioned as well.

{¶ 7} Also pending for our decision is P.J.E.'s motion to strike the Stafford counsel's response to the show-cause order.

## II. ANALYSIS

### A. *Motion to strike*

{¶ 8} P.J.E.'s motion to strike argues that the Stafford counsel's response to the show-cause order violates S.Ct.Prac.R. 7.04(B) because it is an impermissible attempt to reply to P.J.E.'s memorandum in response to H.R.'s jurisdictional memorandum. The motion is denied. The Stafford counsel's response to the show-cause order, although ultimately unpersuasive, reflects an attempt to explain why sanctions should not be imposed.

### B.  Frivolous conduct

{¶ 9} S.Ct.Prac.R. 4.03(A) provides:

> If the Supreme Court, sua sponte or on motion by a party, determines that an appeal or other action is frivolous or is prosecuted for delay, harassment, or any other improper purpose, it may impose appropriate sanctions on the person who signed the appeal or action, a represented party, or both.  The sanctions may include an award to the opposing party of reasonable expenses, reasonable attorney fees, costs or double costs, or any other sanction the Supreme Court considers just.  An appeal or other action shall be considered frivolous if it is not reasonably well-grounded in fact or warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law.

{¶ 10} The appeal brought by the Stafford counsel in this case is frivolous because it is neither warranted by existing law nor supported by a good-faith argument for the extension, modification, or reversal of existing law.

{¶ 11} It is well established that a trial court's grant or denial of a motion for a stay or a continuance of a trial or a hearing is not immediately appealable as a final order. *See, e.g.*, *Community First Bank & Trust v. Dafoe*, 108 Ohio St.3d 472, 2006-Ohio-1503, 844 N.E.2d 825, ¶ 11 (grant of a motion for a stay is not a final, appealable order); *State v. Wilson*, 2d Dist. Montgomery No. 29448, 2022-Ohio-4185, ¶ 4 (denial of a motion for a continuance is not a final, appealable order); *State v. Dunn*, 4th Dist. Washington No. 89 CA 17, 1990 WL 54909, *2 (Apr. 17, 1990) (same); *Miklovic v. Shira*, 5th Dist. Knox No. 04-CA-27, 2005-Ohio-3252, ¶ 25 (same); *State v. Yee*, 55 Ohio App.3d 88, 89, 563 N.E.2d 54 (6th Dist.1989) (same); *Venable v. Venable*, 3 Ohio App.3d 421, 427, 445 N.E.2d 1125 (8th

4

Dist.1981) (same); *Miller v. Bauer*, 139 Ohio App.3d 922, 928, 746 N.E.2d 217 (10th Dist.2000) (same); *State v. Peete*, 11th Dist. Trumbull No. 2013-T-0104, 2013-Ohio-5079, ¶ 7 (same); *Denier v. Carnes-Denier*, 2017-Ohio-334, 77 N.E.3d 588, ¶ 44 (12th Dist.) (same); *see also In re Application for Constr. of New Union Depot, Columbus, Ohio, & Discontinuance of Present RR. Depot*, 160 Ohio St. 173, 173-174, 115 N.E.2d 4 (1953) (Public Utilities Commission's denial of a motion for a continuance of a hearing is not a final, appealable order).

**{¶ 12}** The jurisdictional memorandum filed by the Stafford counsel does not cite, let alone discuss, any of this caselaw. Instead, the memorandum invokes R.C. 2505.02(B), claiming that the trial court's denial of H.R.'s motion for a continuance is a final order that may be immediately appealed. In *Thomasson v. Thomasson*, 153 Ohio St.3d 398, 2018-Ohio-2417, 106 N.E.3d 1239, ¶ 1-2, which the Stafford counsel cite, we construed that provision as authorizing an immediate appeal from a trial court's order appointing a guardian ad litem to represent an adult. Central to this court's analysis was our concern that the trial court's order, which was not preceded by an adjudication of incompetency, prior notice, or an opportunity to be heard, had deprived the adult of her autonomy to direct the litigation, resulting in a denial of her due-process rights. *Id.* at ¶ 20-21. Nothing in this case comes remotely close to the question presented in *Thomasson*.

**{¶ 13}** We cannot countenance the Stafford counsel's failure to acknowledge the body of law directly adverse to the proposition of law advanced in the jurisdictional memorandum they filed. *See Gonzalez-Servin v. Ford Motor Co.*, 662 F.3d 931, 934 (7th Cir.2011) ("The ' "ostrich-like tactic of pretending that potentially dispositive authority against a litigant's contention does not exist is as unprofessional as it is pointless" ' "), quoting *Mannheim Video, Inc. v. Cook Cty.*, 884 F.2d 1043, 1047 (7th Cir.1989), quoting *Hill v. Norfolk & Western Ry. Co.*, 814 F.2d 1192, 1198 (7th Cir.1987). Because the proposition of law contained in the jurisdictional memorandum filed by the Stafford counsel is neither warranted

by existing law nor supported by an argument calling for the modification or overruling of that law, we conclude that the memorandum is frivolous. *See* S.Ct.Prac.R. 4.03(A).

{¶ 14} The Stafford counsel's response to our show-cause order does not dispel these problems. The response cites two courts of appeals' decisions determining that a court's denial of a motion for a continuance is immediately appealable. *See Leiberg v. Vitangeli*, 70 Ohio App. 479, 480, 487, 47 N.E.2d 235 (5th Dist.1942); *Aero-Lite Window Co. v. Jackson*, 115 Ohio App. 257, 258, 184 N.E.2d 677 (9th Dist.1962). The Stafford counsel do not explain why neither of these decisions were cited in the jurisdictional memorandum they filed. But regardless, the Stafford counsel do not acknowledge the Fifth District's decision in *Miklovic*, decided more than 60 years after that district's *Leiberg* decision, which contradicts *Leiberg*. *See Miklovic*, 2005-Ohio-3252, at ¶ 25 ("The denial of a motion for a continuance is not a final, appealable order"). As for *Aero-Lite*, it cites our decision in *Norton v. Norton*, 111 Ohio St. 262, 145 N.E. 253 (1924), but completely ignores the second paragraph of the *Norton* syllabus holding that "[t]he granting or refusing of a motion for continuance rests in the sound discretion of the trial court." Nothing in that paragraph supports the *Aero-Lite* court's view that the granting or denial of a motion for a continuance is immediately appealable. So, the most that the Stafford counsel has going for their position is one court of appeals' decision that is at odds with a later decision from the same district and another court of appeals' decision that patently misreads our *Norton* decision. In any event, nowhere in the Stafford counsel's response to the show-cause order is there any discussion of the mountain of authority cited above that runs contrary to the view espoused in the jurisdictional memorandum they filed.

{¶ 15} We conclude that the appropriate sanction for the Stafford counsel's filing of that jurisdictional memorandum is an award of reasonable attorney fees payable by the Stafford counsel to P.J.E. *See* S.Ct.Prac.R. 4.03(A); *see also State*

*ex rel. Howard v. Doneghy*, 102 Ohio St.3d 355, 2004-Ohio-3207, 810 N.E.2d 958, ¶ 11 (awarding reasonable attorney fees and expenses under a former version of the rule as a sanction for a frivolous filing); *State ex rel. Grendell v. Davidson*, 86 Ohio St.3d 629, 710-711, 716 N.E.2d 704 (1999) (plurality opinion) (similarly sanctioning two attorneys). The amount to be awarded will be determined after a hearing to be held before a master commissioner, the details of which we will set forth in a subsequent entry. P.J.E. shall be permitted to recoup reasonable attorney fees incurred in responding to H.R.'s jurisdictional memorandum and in preparing for and participating in the sanctions hearing.

### C. Vexatious litigator

**{¶ 16}** Because we conclude that the jurisdictional memorandum that the Stafford counsel filed on behalf of H.R. is frivolous, we may also impose on the Stafford counsel "any other sanction" that we consider just, S.Ct.Prac.R. 4.03(A).

**{¶ 17}** As noted above, the Stafford counsel have filed multiple jurisdictional memoranda in other cases advancing a proposition of law similar to the one they filed on behalf of H.R. Then, as now, the Stafford counsel have failed to acknowledge the body of law directly adverse to the proposition of law furnished by them for this court's review.

**{¶ 18}** Further, the filing of a frivolous appeal works a particularized harm on the opposing party and the judicial system as a whole because the mere filing of the notice of appeal divests the trial court of jurisdiction, thus forcing the trial proceedings to come to an immediate halt. *See State ex rel. Elec. Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d 30, 2011-Ohio-626, 950 N.E.2d 149, ¶ 16-17. This harm is compounded when review of the appellate court's decision dismissing the frivolous appeal is sought in this court, thereby extending the unwarranted delay in the trial-court proceedings. Thus, we must be particularly vigilant in guarding against attorneys who file frivolous appeals that serve only to delay the administration of justice.

{¶ 19} Because the Stafford counsel have repeatedly engaged in frivolous conduct, we declare Stafford, Cruz, and Tauring to be vexatious litigators under S.Ct.Prac.R. 4.03(A) and impose filing restrictions on them. *See State ex rel. M.D. v. Kelsey*, 171 Ohio St.3d 646, 2023-Ohio-2165, 219 N.E.3d 941, ¶ 12 (imposing a similar sanction on a client of Stafford and Cruz). Specifically, we prohibit Stafford, Cruz, and Tauring—individually or in any combination—from instituting legal proceedings in this court without first obtaining leave to do so, subject to the exception that proceedings may be instituted when the notice of appeal filed in this court arises from a final decree entered in a divorce case.

{¶ 20} In the exercise of our authority under S.Ct.Prac.R. 4.03(A), we further order that the Stafford counsel provide notice of today's decision to the Eighth District Court of Appeals in any matter currently pending or in any appeal or other action instituted in that court by Stafford, Cruz, or Tauring, whether individually or in any combination.

### III. CONCLUSION

{¶ 21} The jurisdictional memorandum that the Stafford counsel filed on behalf of H.R. is frivolous. As a sanction, reasonable attorney fees may be recouped by P.J.E. from the Stafford counsel in the manner described in Section II(B) of this opinion. Further, we declare Stafford, Cruz, and Tauring to be vexatious litigators under S.Ct.Prac.R. 4.03(A), and they shall conform their conduct to the directives set forth in Section II(C) of this opinion. Finally, P.J.E.'s motion to strike is denied.

So ordered.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

—————————————

Stafford Law Co., L.P.A., Joseph G. Stafford, Nicole A. Cruz, and Kelley R. Tauring, for appellant.

Taft Stettinius & Hollister, L.L.P., and Jill Friedman Helfman, for appellee.

_____