[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *H.R. v. P.J.E.*, Slip Opinion No. 2024-Ohio-4549.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-4549

H.R., APPELLANT, *v*. P.J.E., APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *H.R. v. P.J.E.*, Slip Opinion No. 2024-Ohio-4549.]

*S.Ct.Prac.R. 4.03(A)—As an appropriate sanction for appellant's counsel's instituting a frivolous appeal, $13,351 in reasonable attorney fees awarded to appellee to be paid by appellant's counsel, with credit given for counsel's prior payment of $10,751.*

(No. 2023-0907—Submitted July 9, 2024—Decided September 19, 2024.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 112990.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, and DETERS, JJ. STEWART, J., dissented, with an opinion joined by BRUNNER, J.

**Per Curiam.**

{¶ 1} This matter is before the court following the issuance of the master commissioner's report and recommendation, which recommends that appellee, P.J.E., be awarded $10,751 in attorney fees, payable by appellant H.R.'s counsel—Joseph G. Stafford, Nicole A. Cruz, and Kelley R. Tauring (collectively, "the Stafford counsel"). Because the Stafford counsel have paid this amount under the terms of a settlement with P.J.E., the master commissioner further recommends that we deem the award satisfied.

{¶ 2} P.J.E. has filed objections to the report and recommendation, arguing that he should be awarded a total of $13,351, with credit given for the Stafford counsel's prior payment of $10,751, thus leaving a remainder of $2,600 to be paid. The Stafford counsel have filed a motion for leave to file a brief in opposition to P.J.E.'s objections. We sustain P.J.E.'s objections and deny the Stafford counsel's motion.

## I. BACKGROUND

{¶ 3} We previously concluded that the appeal filed in this case by the Stafford counsel on H.R.'s behalf was frivolous under S.Ct.Prac.R. 4.03(A) because it was "neither warranted by existing law nor supported by a good-faith argument for the extension, modification, or reversal of existing law." 2023-Ohio-4185, ¶ 10. As an appropriate sanction, we determined that reasonable attorney fees should be awarded to P.J.E., payable by the Stafford counsel. *Id.* at ¶ 15. Additionally, because the Stafford counsel have filed multiple jurisdictional memoranda in other cases advancing a proposition of law similar to the one they filed in this case, we declared that the Stafford counsel are vexatious litigators. *Id.* at ¶ 17, 19. To aid in our determination of the attorney-fee award, we referred the matter to a master commissioner for the purposes of holding a sanctions hearing and recommending an award. *Id.* at ¶ 15; 2023-Ohio-4194.

**{¶ 4}** After we referred the matter to a master commissioner, Jill Friedman Helfman, P.J.E.'s lead counsel, and the Stafford counsel agreed that if the latter paid the former's fees, then the attorney-fee dispute would be considered resolved. To this end, Helfman submitted to the Stafford counsel a fee statement, which we will call fee statement No. 1, reflecting a bill of $10,751 for services rendered in this case by Helfman and others associated with the law firm Taft Stettinius & Hollister, L.L.P., from July 19, 2023, to February 5, 2024. It is undisputed that the Stafford counsel sent Helfman a check for $10,751, which she cashed.

**{¶ 5}** The Stafford counsel thereafter filed a notice of dismissal based on the parties' settlement, but the notice failed to disclose the amount of the settlement. In an entry dated March 1, 2024, we struck the notice but provided the parties an opportunity to avoid attending the sanctions hearing by submitting an agreed stipulation setting forth a reasonable amount of attorney fees incurred by P.J.E. that would be paid by the Stafford counsel. 2024-Ohio-769.

**{¶ 6}** Helfman and Cruz exchanged proposed stipulations to avoid the need for a sanctions hearing. Helfman's first proposed stipulation adopted the language of the court's March 1 entry word for word and included the amount of attorney fees set forth in fee statement No. 1. The Stafford counsel rejected Helfman's first proposed stipulation, which used the phrases "frivolous conduct" and "reasonable fees." Helfman then sent another proposed stipulation to Cruz, stating only that the fees were "reasonable." The Stafford counsel rejected Helfman's second proposed stipulation.

**{¶ 7}** With the parties unable to agree on language for a stipulation that would avoid a sanctions hearing, the Stafford counsel attempted instead to dispose of the case by filing a "motion to accept settlement agreement." The motion failed to specify a stipulated amount of reasonable attorney fees, and we denied the motion, 2024-Ohio-1066.

**{¶ 8}** At the sanctions hearing, Helfman submitted fee statement No. 1 and a second fee statement, which we refer to as fee statement No. 2. Fee statement No. 2 reflects a bill of $2,600 for services rendered by Helfman from March 11, 2024, to March 26, 2024. Following the hearing, P.J.E. argued in his posthearing brief that he should be awarded $13,351 in attorney fees—that is, the sum of fee statement Nos. 1 and 2—with credit given for the Stafford counsel's prior payment of $10,751. In other words, P.J.E. sought payment of $2,600 as reflected in fee statement No. 2.

**{¶ 9}** The master commissioner recommends that we reject P.J.E.'s argument, reasoning that when P.J.E. agreed to settle the case for $10,751 as reflected in fee statement No. 1, he relinquished the opportunity to argue in favor of a higher award and assumed the risk that $10,751 might appear suboptimal in hindsight.

**{¶ 10}** P.J.E. filed objections to the master commissioner's report and recommendation, renewing his argument that he should be entitled to an additional payment of $2,600. The Stafford counsel did not file objections, but they have filed a motion for leave to file a brief in opposition to P.J.E.'s objections.

## II. ANALYSIS

### A. *The Stafford counsel's motion*

**{¶ 11}** We begin with the Stafford counsel's motion for leave to file a brief in opposition to P.J.E.'s objections to the master commissioner's report and recommendation. We deny the motion because the Stafford counsel's proposed brief in opposition that is attached to their motion essentially recasts arguments that are already before us, namely, those advanced in their posthearing brief.

### B. *P.J.E.'s objections*

**{¶ 12}** P.J.E. argues that he should be awarded a total of $13,351 in attorney fees, with credit given for the Stafford counsel's prior payment of $10,751, thus leaving an outstanding payment due of $2,600. We agree.

**{¶ 13}** An attorney-fee calculation begins with the lodestar, which is the product of a reasonable hourly rate and a reasonable number of hours. *See Cruz v. English Nanny & Governess School*, 2022-Ohio-3586, ¶ 47. We "strong[ly] presum[e]" that the lodestar constitutes "the proper amount for an attorney-fee award." *Phoenix Lighting Group, L.L.C. v. Genlyte Thomas Group, L.L.C.*, 2020-Ohio-1056, ¶ 19.

**{¶ 14}** Because fee statement No. 1 has been paid by way of a settlement, we have no occasion to evaluate this fee statement under a lodestar analysis; instead, we take it as a given that the hours and services described therein should be included in the attorney-fee award. The remaining question therefore is whether P.J.E. should be permitted to recoup the attorney fees set forth in fee statement No. 2.

**{¶ 15}** Our previous decision provided that "P.J.E. shall be permitted to recoup reasonable attorney fees incurred in responding to H.R.'s jurisdictional memorandum and in preparing for and participating in the sanctions hearing." 2023-Ohio-4185 at ¶ 15. Here, we find that the descriptions of the entries set forth in fee statement No. 2 fall within the ambit of preparing for and participating in the sanctions hearing. And we further find that Helfman's hourly rate of $650 is reasonable.

**{¶ 16}** P.J.E. asks that we apply Helfman's hourly rate to an expenditure of four hours. Two of the four hours relate to Helfman's estimate of how long the sanctions hearing would last. The sanctions hearing in this case, however, took a little over an hour to complete. Helfman's two-hour estimate thus overcounts the time spent at the hearing. Even so, we will not reduce the estimate. As P.J.E. notes in his objections, fee statement No. 2 does not include travel time for the four-hour round trip that Helfman made from Cleveland to Columbus to attend the hearing. If anything, then, fee statement No. 2 undercounts the time incurred by Helfman in this matter. *See Henry v. Webermeier*, 738 F.2d 188, 194 (7th Cir. 1984) ("When

a lawyer travels for one client he incurs an opportunity cost that is equal to the fee he would have charged that or another client if he had not been traveling.").

{¶ 17} We disagree with the master commissioner's view that when P.J.E. accepted payment in the amount set forth in fee statement No. 1, he effected a relinquishment of his opportunity to recoup the amount set forth in fee statement No. 2. That view is inconsistent with our previous decision authorizing P.J.E. to recoup attorney fees in "preparing for and participating in the sanctions hearing," 2023-Ohio-4185 at ¶ 15. Moreover, we agree with P.J.E. that the Stafford counsel's refusal to accept the terms of the stipulations proposed by Helfman was the reason that this matter culminated in a hearing. We will not punish P.J.E. for the hard line drawn by the Stafford counsel, which necessitated that Helfman prosecute this matter at a hearing.

## III. CONCLUSION

{¶ 18} P.J.E.'s objections to the master commissioner's report and recommendation are sustained, and the Stafford counsel's motion for leave to file a brief in opposition to P.J.E.'s objections is denied. We award a total of $13,351 in attorney fees to P.J.E., with credit given for the Stafford counsel's prior payment of $10,751, which leaves an outstanding payment due of $2,600. The Stafford counsel shall make the outstanding payment within 14 days of today's decision.

So ordered.

_____

**STEWART, J., joined by BRUNNER, J., dissenting.**

{¶ 19} I disagree with the majority opinion's determination that the payment of the attorney fees set forth in fee statement No. 1 by appellant H.R.'s counsel—Joseph G. Stafford, Nicole A. Cruz, and Kelley R. Tauring (collectively, "the Stafford counsel")—did not settle this case in its entirety. I therefore dissent from the majority's judgment awarding appellee, P.J.E., $2,600 in additional attorney fees that are set forth in fee statement No. 2.

**{¶ 20}** The majority opinion determines that P.J.E. is entitled to payment of the attorney fees set forth in fee statement No. 2 based on the language contained in our November 22, 2023 decision that stated: "P.J.E. shall be permitted to recoup reasonable attorney fees incurred in responding to H.R.'s jurisdictional memorandum and in preparing for and participating in the sanctions hearing," 2023-Ohio-4185, ¶ 15. The majority reasons that since fee statement No. 2 covers the attorney fees associated with the sanctions hearing, it would conflict with our November 22, 2023 decision to determine that the Stafford counsel should not pay that bill. Majority opinion, ¶ 17. The majority is incorrect. While the November 22, 2023 decision stated that P.J.E. is entitled to attorney fees associated with the sanctions hearing, 2023-Ohio-4185 at ¶ 15, we clarified that decision on March 1, 2024, through an entry that stated that the parties could avoid a sanctions hearing by submitting "an agreed stipulation setting forth a stipulated amount of reasonable attorney fees incurred by [P.J.E.] and to be paid by [the Stafford counsel] as a result of [the Stafford counsel's] frivolous appeal to this court." 2024-Ohio-769. By issuing this latter entry, we contemplated that an attorney-fee award in this case would not include fees associated with preparing for and participating in a sanctions hearing, because the latter entry recognized that the parties could avoid a sanctions hearing if they stipulated to the amount of attorney fees to be paid by the Stafford counsel. *See id.*

**{¶ 21}** Although the sanctions hearing did go forward, I disagree with the majority's finding that blame for the hearing going forward should be placed solely on the Stafford counsel, *see* majority opinion at ¶ 17. Our March 1, 2024 entry did not explicitly require that the parties' agreed stipulation contain any specific language. While the Stafford counsel could have agreed to the language of the stipulations that P.J.E.'s lead counsel, Jill Friedman Helfman, proposed, it is equally true that Helfman could have worked with the Stafford counsel on different language rather than insisting that the Stafford counsel adopt the language that she

had proposed. The Stafford counsel were unwilling to join a stipulation proposed by Helfman that used the words "frivolous conduct" and "reasonable fees" and were also unwilling to join a stipulation proposed by Helfman that used the word "reasonable" regarding her fees. In her testimony before the master commissioner, Helfman explained that she included this language in the proposed stipulations because that was the language that this court used in its March 1, 2024 entry. It is certainly understandable why Helfman would choose to draft the stipulations this way, and, to be sure, the Stafford counsel took a hard, and seemingly unnecessary, line here. But the March 1 entry, although it used the phrases "frivolous appeal" and "reasonable attorney fees," 2024-Ohio-769, did not require that the agreed stipulation contain these phrases or any specific phraseology. Had the parties submitted an agreed stipulation setting forth or enumerating the amount of money to be awarded from the Stafford counsel to P.J.E., the court could have drawn the appropriate inference that that award was indicative of an amount of reasonable attorney fees that had been agreed to be paid by the Stafford counsel for their frivolous appeal to this court.

{¶ 22} For these reasons, I disagree with the majority's judgment awarding an additional $2,600 in attorney fees to be paid by the Stafford counsel to P.J.E. I would find that the Stafford counsel's payment of $10,751, representing the payment of the attorney fees set forth in fee statement No. 1, satisfied their obligation to pay for P.J.E.'s reasonable attorney fees associated with their frivolous appeal to this court.

_____

Stafford Law Co., L.P.A., Joseph G. Stafford, Nicole A. Cruz, and Kelley R. Tauring, for appellant.

Taft Stettinius & Hollister, L.L.P., and Jill Friedman Helfman, for appellee.

_____